Warner, et al. *v.* Cortese.

Argued February 9, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Miles Warner,* with him *Thomas J. McCormack* and *Warner & McCormack,* for appellants.

*W. Clark Hanna,* for appellee.

OPINION BY JUDGE BLATT, March 10, 1972:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County refusing the appellants' motion for a summary judgment and grant-

ing summary judgment to the appellee. The appeal was first taken to the Supreme Court, but by an order dated November 8, 1971, it was transferred to this Court.

The appellants instituted an action in mandamus against the appellee, Prothonotary of the Court of Common Pleas of Philadelphia County, to compel him to accept praecipes for simultaneous entry of default judgment and assessment of damages in eight trespass cases in which appellants represent the plaintiffs therein as attorneys. The appellee prothonotary had refused to accept the praecipes to assess damages until a minimum of ten days had elapsed from the entry of judgment, even though ten days notice of intention to assess damages had been given to each defendant concerned prior to the entry of judgment.

The issues before this Court are whether or not the appellee prothonotary is required by the Pennsylvania Rules of Civil Procedure to wait ten days after the entry of judgment before accepting a praecipe to assess damages, or, in the alternative, whether or not the appellee prothonotary has the discretion to establish such a procedure if he so desires. It must also be considered whether or not mandamus is the proper remedy in the event these questions are answered in the negative.

The procedure here in question is controlled by Pennsylvania Rule of Civil Procedure 1047(b).[1] This

---

[1] "(b) The Court by general rule may provide that in all actions in which the only damages to be assessed are the cost of repairs theretofore made to property

"(1) the prothonotary on praecipe of the plaintiff, waiving any other damages under said judgment, and the filing of the affidavits provided by Subdivisions (2) and (3) shall assess damages for the cost of the repairs;

"(2) the praecipe shall be accompanied by an affidavit of the repairman; the affidavit of the repairman shall contain an itemized repair bill setting forth the charges for labor and material used in

rule does not require an interval of ten days between the entry of judgment and the filing of a praecipe to assess damages; its only requirement as to time is that notice of intention to assess must be given to the defendant at least ten days prior to the filing of the praecipe.

Rule 126 provides, as to interpreting the Rules of Civil Procedure, that: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Rule 127(b) further provides that: "When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Even where the words of a rule are not explicit, Rule 127(c) provides that its intentions may be ascertained by considering, among other matters, "the object to be attained" and "the consequences of a particular interpretation."

The only reasonable interpretation of Rule 1047(b) would seem to be that it does not require any time interval between entry of judgment and filing of a praecipe to assess damages. The object of the Rule seems clearly to be to provide a speedy way to assess damages in certain cases and to protect the defendant by requir-

---

the repair of the property; it shall also state the qualifications of the person who made or supervised the repairs, that the repairs were necessary, and that the price for labor and material were fair and reasonable and those customarily charged;

"(3) the plaintiff shall send a copy of the affidavit and repair bill to the defendant by registered mail directed to his last known address, together with a notice setting forth the date of the intended assessment of damages, which shall be not less than ten (10) days from the mailing of the notice and a statement that damages will be assessed in the amount of the repair bill unless prior to the date of assessment the defendant by written praecipe files with the prothonotary a request for trial on the issue of such damages; an affidavit of mailing of notice shall be filed."

ing ten days notice of intention to assess, not to set a ten-day waiting period after the entry of judgment.

The action of the appellee prothonotary amounted to inserting an additional requirement of his own into Rule 1047(b), but this discretion is not his to exercise as a prothonotary. A prothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form specifically required by the Rules, but this power is limited. He is not in the position of an administrative officer who has discretion to interpret or implement rules and statutes. "The prothonotary is merely the clerk of the Court of Common Pleas. He has no judicial powers nor does he have power to act as attorney for others by virtue of his office." *Smith v. Safeguard Mutual Insurance Company*, 212 Pa. Superior Ct. 83, 86, 239 A. 2d 824, 826 (1968). "Any question of construction must be resolved by the courts, not by the prothonotary nor the parties. The prothonotary must accept papers and file them. He must also collect fees fixed by the legislature. He has no discretion in this matter nor does he act in a judicial capacity." *Commonwealth ex rel. Cohen v. Roberts*, 11 D. & C. 2d 257, 262 (1956). Rule 1047(b) provides that the prothonotary, after the plaintiff has filed affidavits of the repairman and of notice to the defendant, ". . . *shall* assess damages for the cost of the repairs. . . ." (Emphasis supplied.) The Rule gives him no power to impose additional requirements on the plaintiff before so doing.

As to the use of mandamus, it has been held that: "[M]andamus is an extraordinary writ which can issue only when plaintiffs have a clear legal right to the performance of a ministerial act by the defendant, whose duty is to perform that act: (citations)." *Commercial Properties, Inc. v. Peternel*, 418 Pa. 304, 309, 211 A. 2d 514, 517 (1965). Here the appellee prothono-

tary had no discretionary right to refuse to enter the praecipes tendered by appellant, when on their face they were proper and legal. The issue of time limitations for filing is for the courts or the legislature to consider, not for the prothonotary. His is merely a ministerial action and the appellants had a clear legal right to its performance. Where the appellants seek only to enforce a clerical or ministerial action, rather than one involving discretion, mandamus will lie. *Rose Tree Media School District v. Department of Public Instruction,* 431 Pa. 233, 244 A. 2d 754 (1968). "Mandamus is a proper remedy to compel the prothonotary, the court's clerk, to perform a ministerial duty. . . ." *Stewart v. Bechtel,* 360 Pa. 123, 125, 61 A. 2d 514 (1948).

If appellants, therefore, have complied with the requirements of Rule 1047(b), which is not denied, then the appellee prothonotary may not refuse to accept the praecipes to assess damages merely because they were filed at the same time as the entry of judgment.

For these reasons, we reverse the ruling of the lower court and remand this case to the Court of Common Pleas of Philadelphia County with the direction to enter summary judgment on behalf of the appellants, Miles Warner and Thomas J. McCormack.