Joseph R. Thompson, Appellant *v.* Americo V. Cortese, Prothonotary of the Court of Common Pleas of Philadelphia County, Appellee.

Argued September 29, 1978, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Joseph R. Thompson,* appellant, for himself.

*Thomas Dempsey,* with him *Homer Cook Grasberger,* for appellee.

OPINION BY JUDGE CRAIG, March 9, 1979:

This is an appeal from the dismissal of appellant's complaint in mandamus against the prothonotary of

the Court of Common Pleas of Philadelphia County. Appellant, attorney for the defendant in a trespass action, instituted this separate action to compel the prothonotary to accept a Praecipe to Enter Judgment based upon dismissal orders entered under former Local Rule of Civil Procedure §350(1) (now Local Rule 130), which in relevant part provides:

> Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's office for a period of two (2) successive years, the action shall be dismissed with prejudice, for failure to prosecute under the provisions of this Rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in [a newspaper of general circulation in the legal community].

Pursuant to the mandate of that rule, the prothonotary dismissed the trespass action with prejudice, for failure to prosecute, and so stamped the docket. Thereafter, appellant presented his praecipe.

The basic issue presented is whether it is the ministerial duty of the prothonotary to enter a judgment upon a praecipe of the party benefited by a purely administrative dismissal of a stale case.

The prothonotary is not "an administrative officer who has discretion to interpret or implement rules and statutes." *Warner v. Cortese,* 5 Pa. Commonwealth Ct. 51, 55, 288 A.2d 550, 552 (1972). Therefore, if documents tendered for filing are proper on their face and in conformity to rules of court, a prothonotary does not have discretion to refuse to enter them, *Warner v. Cortese, supra,* and mandamus then is the appropriate remedy to compel him to perform his ministerial duty. *Stewart v. Bechtel,* 360 Pa. 123, 61 A.2d 514 (1948); *UEC, Inc. v. Board of Arbitra-*

*tion of Claims,* 12 Pa. Commonwealth Ct. 54, 314 A.2d 521 (1974).[1]

Consequently, although a judgment is in fact entered by the prothonotary, it nevertheless continues to be the judicial action of the court. *See* 6A STAND. PA. PRAC. Ch. 29, §§2-4, pp. 251-52.[2] Therefore, if the court has not specifically adjudicated the rights of the respective parties or directed the prothonotary to enter a judgment, the prothonotary's authority to enter a judgment must have an express basis in statute or rule of court, 6A STAND PA. PRAC. Ch. 29, §§18-20 and §§45-46, pp. 261-64 and 284-86, and the authority is confined to the circumstances spelled out by the statute or rule. *See especially, Haverford Township School District v. Herzog,* 314 Pa. 161, 171 A. 455 (1934); *Rhinehart v. Jordan,* 313 Pa. 197, 169 A. 151 (1933); *Watkins v. Neff,* 287 Pa. 202, 134 A. 625 (1926).[3]

---

[1] Mandamus will lie to compel performance of a ministerial act or mandatory duty where the plaintiff has a well-defined legal right, where there exists a well-defined corresponding duty in the defendant, and where the plaintiff has no other adequate remedy. *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa. Commonwealth Ct. 96, 100-101, 372 A.2d 1258, 1261 (1977) and cases cited therein; *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 527, 297 A.2d 179 (1972).

[2] Even though a rule of court or statute may require that a judgment be entered upon the proper praecipe of a party, such rules do not disturb the power of a court over its own judgment but merely provide a uniform procedure to have a judgment entered under certain defined circumstances. *Glass v. Farmers National Bank of Watsontown,* 364 Pa. 186, 70 A.2d 356 (1950); *Holliday v. Foster,* 221 Pa. Superior Ct. 388, 292 A.2d 438 (1972) (both cases recognizing that Pa. R.C.P. No. 1037(a) does not work any fundamental change in the nature of the judgment entered pursuant thereto.)

[3] These cases reveal a tendency to construe narrowly the circumstances triggering the authority under such a statute or rule. *See, Watkins v. Neff, supra. See also, Lewandowski v. Crawford,*

Appellant contends that Pa. R.C.P. No. 1039 provides the authority for the entry of judgment in this case. The Rule provides:

> In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall enter judgment upon praecipe of a party in the following instances:
>
> (1) Upon a verdict of a jury, if no timely post trial motion is filed.
>
> (2) *When a court grants or denies relief,* but does not itself enter judgment or order the prothonotary to do so. (Emphasis added.)

Thus the intermediate question is whether the administrative dismissal of a stale suit constitutes a *denial of relief* by the court.

Appellant assumes that a dismissal with prejudice for failure to prosecute a claim is a denial of relief to the plaintiff. However, such a dismissal with prejudice only means that the plaintiff whose complaint is thus dismissed cannot reinstate that complaint unless he first petitions the court to exercise its discretion to remove the non pros and establishes certain facts.[4]

Can a non pros be a denial of relief if it is not res judicata? A non pros does not deny relief in that it

---

208 Pa. Superior Ct. 365, 222 A.2d 601 (1966); *Dime Bank & Trust Co. of Pittston v. O'Boyle*, 334 Pa. 500, 6 A.2d 106 (1939); *Lamberton National Bank v. Shakespeare*, 321 Pa. 449, 184 A. 669 (1936).

[4] The criteria are that: (1) the petition must be timely filed; (2) the reason for the default reasonably excused; and (3) facts constituting a cause of action alleged. *International Telephone & Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa. Superior Ct. 378, 378 A.2d 986 (1977).

is not an adjudication on the merits. Thus, if the statute of limitations has not run, a plaintiff previously non prossed can maintain a second suit upon the identical cause of action, provided only that he pay the costs incurred in the prior action. *Gordon-Stuart Ltd. v. Allen Shops, Inc.,* 239 Pa. Superior Ct. 35, 361 A.2d 770 (1976). The *Gordon-Stuart* case expressly re-affirmed this rule following the earlier case of *Bucci v. Detroit Fire & Marine Insurance Co.,* in which the court held:

> [T]he legal effect of the non pros could not prevent the entry of a suit for the same cause of action within the statute of limitations. . . . The penalty suffered by the plaintiffs is the delay in the trial of their cause and payment of costs incurred, yet if the statute of limitations has not expired, the non pros of the first action cannot prevent the institution of the second suit.

109 Pa. Superior Ct. 167, 174, 167 A. 425, 427-28 (1933).

As a practical matter, the dismissal of the underlying case here could have barred relief because, if the complaint is not reinstated as of its original date, the statute of limitations might have run so as to preclude a viable new suit. However, it is clearly not feasible to place the adjudication of the statute of limitations question upon the shoulders of the prothonotary under Pa. R.C.P. No. 1039 upon mere presentation to him of a praecipe.[5] Thus, at best, it is uncertain whether the words "denial of relief" in the rule include the dismissal involved here.

---

[5] Besides the unforeseen administrative and proof problems this would entail, it is clear that the bar of the statute of limitations is a matter to be raised by way of preliminary objections or new matter and is waived if not raised. Rules 1017(b)(4), 1030 and 1032.

When the words of a rule are not free of ambiguity, the intent of the Supreme Court may be ascertained by considering among others, "(1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained" and "(6) the consequences of a particular interpretation." Pa. R.C.P. No. 127(c). Here, all the above considerations point to the same conclusion.

The Procedural Rules Committee's explanatory comment to Rule 1039 indicates that subdivision (2) uses general language in order to avoid "inadvertently omitting" instances in which the rule would be applicable. However, a further reading of the comment, and the cases cited therein, make clear that the rule was not designed to be a catch-all for every conceivable kind of court disposition. Rather, the rule was directed primarily at a specific problem that had arisen in the appellate courts, premature appeals.[6]

*Kane v. Allegheny County Retirement Board,* 7 Pa. Commonwealth Ct. 262, 299 A.2d 686 (1973), provides an example of the kind of procedural gaffe which Rule 1039 is intended to eliminate. In *Kane,* a mandamus action, the lower court had ordered the defendant to pay the plaintiff-employees retirement benefits upon termination of their employment, but conditioned upon payment by plaintiffs of certain contributions to a fund. Defendant prematurely filed an appeal to this Court, never having first praeciped the lower court's order into a final judgment. Al-

---

[6] In *Shellem v. Springfield School District,* we noted that "Pa. R.C.P. No. 1039, in conjunction with Supreme Court Rule 20½ [now substantially incorporated into Pennsylvania Rules of Appellate Procedure 301 and 904] sought to reduce the substantial number of premature appeals of which the case of Lynch v. Metropolitan Life Insurance Co., 422 Pa. 488, 222 A.2d 925 (1966), is illustrative." 6 Pa. Commonwealth Ct. 527, 531-32, 297 A.2d 179, 182 (1972).

though this Court considered the merits of the appeal in the interest of judicial economy, it also warned that it would continue to require strict conformity with proper procedure so as "to provide an orderly administration of appeals," 7 Pa. Commonwealth Ct. at 266, 299 A.2d at 688, meaning that a party must use Rule 1039(2) to convert a lower court's resolution of the merits of a case into a final judgment before appealing.

The clear inference from this Court's references to Rule 1039, as the *Kane* case illustrates, is that the rule should function primarily to forge the necessary judgment linking a jury's or lower court's final decision and the entry of an appeal.[7]

Thus it seems clear to us that the necessity for the rule, the circumstances under which it was promulgated and the mischief to be remedied by the rule all deal with the proper timing of an appeal from a decision of a court or jury which is otherwise not appealable until formally docketed as a judgment.

---

[7] The explanatory comment to Rule 1039 gives further examples in which this rule would operate as: the entry of judgment after a refusal of judgment n.o.v., entry of judgment on the whole record after disagreement of the jury, entry of judgment after denial of a motion for new trial. The comment does not give any examples of the operation of this rule in a pre-trial situation; however, the committee note to Pennsylvania Rule of Appellate Procedure 301(c) (which requires that an order be reduced to judgment and docketed prior to appeal) provides some examples which could also apply to Rule 1039(2).

The Rules Committee note to Pennsylvania Rule of Appellate Procedure, Rule 301, bears out our view of the chief function of Rule 1039. The note states that Pa. R.A.P. 301(d), which commands the clerk of a lower court, upon praecipe of a party, to prepare and enter an order evidencing any action from which an appeal lies, provides "*a remedy for the appellant where no appealable order has been entered, and is similar to Pa. R. Civ. P. 1039.*" (Emphasis added.)

We also observe that Rule 1039(2) originally provided for the entry of judgment upon praecipe of a party "upon a *decision* by the court granting or denying relief." (Emphasis added.) The explanatory comment of 1973 notes that the revision to omit the word decision was stylistic only. Therefore the deletion was not intended to work any substantive change. The word "decision" strongly connotes a judicial resolution of a question submitted to a court. As the lower court in this case noted, the dismissal of the trespass case was "merely an administrative procedure" undertaken "to close the dockets on stale cases" and did not involve a "consideration of the merits." We would add that it was not even occasioned upon the motion of a party to the case.

The consequences of our interpretation of this rule should be briefly noted. Pennsylvania Rule of Judicial Administration 1901 sets forth the mandate for the local rule of court which caused the dismissal of the original trespass action. These rules implement a judicial policy to resolve pending cases as promptly as possible. However, if a plaintiff's stale claim is accordingly dismissed, he may still petition the court to take off the non pros or bring a second action regardless of whether or not a formal entry of judgment has been made.[8] Therefore, our holding that the prothonotary has no authority to enter judgment upon the praecipe of a party in this case will neither

---

[8] The *International Telephone & Telegraph Corp.*, case, *supra*, indicates that the traditional criteria applied to a petition to open a non pros will also apply to a petition to reinstate a claim dismissed pursuant to the same local rule of court involved in the present case (timely filing of the petition, reasonable explanation for the delay and allegation of facts constituting a cause of action). Thus, at present, we tend to agree with appellee's contention that the formal entry of judgment here would be "superfluous" and a waste of time.

impede the policy effectuated by Pa. R.J.A. No. 1901 and the local rule of court nor dampen the effectiveness of the rules.

Additionally, the coupling of Rule 1039 onto a dismissal under the local rule in circumstances like these would allow a party to obtain a judgment of non pros without presenting a motion to the court or otherwise initiating any procedural steps forcing the other party to act or be put out of court. The securing of a judgment under such a procedure would result in a novel form of practice in the state.[9] Thus, acceptance of appellant's interpretation of Rule 1039, if not merely authorizing a useless formality, would constitute approval of a new kind of procedure with unforeseen repercussions in established areas of the law.

Unless the intent of Rule 1039 to grant the prothonotary the authority and impose the ministerial duty to enter a judgment in these circumstances were clear, we should not interpret a rule originally promulgated to ward off premature appeals to create a peculiar new procedural animal.

---

[9] *Compare*, Rules 1037(a), 1037(b), 1047, 1128, 1265(a), 1272 (d), 1272 (e), 1276(a), 1277(a), 1511(a), 1659, 3031(a), 3146(a), all of which *expressly* authorize the entry of judgment on praecipe of a party, prior to disposition on the merits, upon some specific form of default by the opposing party. All these rules require *specific action on the part of that party to initiate the procedure* which can eventually culminate in the entry of judgment for him if the opposing party does not timely respond to his opponent's move.

Moreover, a party moving *the court* to enter a non pros for unreasonable delay traditionally has borne a burden to show prejudice to himself as a result of the delay. *James Brothers Co. v. Union Banking and Trust Company of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968) ; *See also, Lewis v. Reid*, 244 Pa. Superior Ct. 76, 85, 366 A.2d 923, 927 (concurring opinion), *affirmed per curiam on rehearing*, 244 Pa. Superior Ct. 599, 371 A.2d 872 (1976) ; *Kennedy v. Board of Supervisors of Warminster Township*, 243 Pa. Superior Ct. 46, 52, n.7, 364 A.2d 442, 445, n.7 (1976).

184

The order below is affirmed.

ORDER

AND Now, this 9th day of March, 1979, the order of the Court of Common Pleas of Philadelphia County, No. 5616 January Term, 1977, dismissing the plaintiff's complaint in mandamus, is hereby affirmed.