406 A.2d 347

Dorothy NEWSOME

v.

Neil A. BRASWELL, Individually and t/a Neil's Exxon Station and Exxon Company, U.S.A.

Appeal of Neil A. BRASWELL, Individually and t/a Neil's Exxon Station.

Superior Court of Pennsylvania.

Argued March 21, 1979.

Decided June 15, 1979.

84

Joseph B. Erwin, Philadelphia, for appellant.

John Mattioni, Philadelphia, for appellee.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

Appeal is taken from an order of the Court of Common Pleas of Philadelphia County refusing to either open or strike a default judgment entered against appellant. We agree with appellant that the procedure used in taking the default was not authorized by rules of court, and will therefore reverse.

Appellee Dorothy Newsome filed a complaint in trespass on March 14, 1977 against appellant Braswell, t/d/b/a Neil's Exxon Station and against Exxon Company, U.S.A. The complaint alleged that appellant Braswell had installed a new water hose, manufactured by Exxon, in appellee's automobile and that the water hose was unreasonably dangerous and defective. As a result of the alleged defect in manufacture and negligence of all defendants, the hose separated from its connection to the radiator two days later, burning Miss Newsome with scalding hot water. In answer, appellant denied he had sold Miss Newsome a new water hose, but alleged he had only made temporary repairs to an old water hose in her car, and that she had been advised to purchase a new water hose soon. Appellee then moved the court for an order compelling Braswell to produce for inspection his ledger and receipt books for the period in question. Pa.R. C.P. 4009. This motion was granted on August 19, 1977, the court affording appellant Braswell thirty days to comply. The court's order concluded:

> Should defendant Braswell fail to comply with the terms of this Order within time specified, then in such event, judgment of default shall be entered in favor of plaintiff and against defendant Neil Braswell, individually and trading as Neil's Exxon Station *upon praecipe of plaintiff.*

> By the Court:
> s/ Gelfand
> J.

(emphasis added)

On September 16, 1977, appellant Braswell not having produced the requested documents, appellee filed with the

prothonotary her praecipe to enter judgment by default. Judgment was entered the same day, 38 days following the discovery order.

Appellant filed his petition to open and/or strike seven days later alleging, *inter alia,* that the entry of default upon praecipe by appellee was unauthorized by law and therefore should be stricken. The petition was denied by opinion and order dated January 30, 1978, the court finding its August 19 order afforded proper authority to the prothonotary to enter a default. This appeal followed.

■ A motion to strike will not be granted unless a fatal defect in the judgment appears on the face of the record. *In re Estate of McCauley,* 478 Pa. 83, 385 A.2d 1324 (1978); *Malakoff v. Jambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972). If the record is self-sustaining the judgment cannot be stricken. *Advance Building Services Co. v. F & M Schaefer Brewing Co.,* 252 Pa.Super. 576, 384 A.2d 931 (1978); *Fleck v. McHugh,* 241 Pa.Super. 307, 361 A.2d 410 (1976).

■ It is settled law in this Commonwealth that a judgment of default entered by the prothonotary is a ministerial act and his authority therefore must be found in either statute or rule of court. *Corabi v. Curtis Publishing Co.,* 437 Pa. 143, 262 A.2d 665 (1970); *Hershey v. Segro,* 252 Pa.Super. 240, 381 A.2d 478 (1977); 6A Std.Pa.Prac. p. 285; "Authority granted by statute or rule of court to clerks of court to enter judgments by default without judicial participation is limited strictly to the scope of the power confined by the statute or rule". 47 Am.Jur.2d, Judgments, § 1156; *Thompson v. Cortese,* 41 Pa.Cmwlth. 174, 398 A.2d 1079 (1979). The Rules of Civil Procedure are rife with examples of power expressly granted to the prothonotary to enter a default, in certain proceedings, upon praecipe [1] of a party.

1. A praecipe is an order, written out and signed, addressed to the clerk of the court and requesting him to issue a particular writ. Black's Law Dictionary, 4th Ed.

See, e. g. Rules 1037(b) (assumpsit); 1047(a) (trespass); 1128(b) (divorce or annulment); 1265(a) (foreign attachment); 1272(d), (e) (same); 1276(a) (same) 1277, (same); 1511 (equity); 1519 (same); 1659 (mechanics' liens); 3031(a) (revival of judgments); 3146 (enforcement of money judgments); See generally Rule 1039; 12 P.S. § 731 et seq.

Certain other provisions in the Rules omit any reference to "praecipe of a party" and authorize a judgment entered only *by the court* on motion or affidavit. See, e. g. Rules 1066 (quiet title); 1083 (replevin); 1037(c) (allowing judgment against a defendant for want of a sufficient answer, new matter, or counterclaim, or for want of a reply or sufficient reply to new matter or counterclaim. See, Goodrich Amram 2d § 1037(c): 1) Such judgments may only be entered by the court on motion of a party. Should the prothonotary erroneously enter judgment, when that power is expressly reserved to the court, it will be ordered stricken on appropriate motion. See, e. g. *Haverford Twp. School District v. Herzog,* 314 Pa. 161, 171 A. 455 (1934) (prothonotary entered judgment against plaintiff for want of reply to defendant's counterclaim; judgment ordered stricken, the court construing Sec. 17 of Practice Act, 12 P.S. § 735: "[T]he court may enter judgment in favor of the plaintiff" for want of defendant's reply). See also, *Hershey v. Segro,* supra, (prothonotary without power to enter default where defendant had not ruled plaintiff to file complaint); *Roselon Ind. Inc. v. Associated Knitting Mills,* 221 Pa.Super. 8, 289 A.2d 239 (1972) (prothonotary without power to enter judgment on award of arbitrators); *Phillips v. Evans,* 164 Pa.Super. 410, 65 A.2d 423 (1949) (prothonotary without power to enter default, when plaintiff's complaint was not properly endorsed with notice to plead).

■ The power of the court to grant a default judgment against a party wilfully disobeying a Rule 4009 discovery order is expressly provided in Rule 4019:

Rule 4019 Sanctions

(a) *The court* may, on motion, make an appropriate order if

(3) A party . . . refuses or induces a person to refuse to obey . . . an order of court made under Rule 4009.

(emphasis added).

Rule 4019(c)(3) provides for the sanction of judgment "by default against the disobedient party or party advising disobedience". The language of the Rule is clear that sanction orders, (for our purposes, that of default), may be issued only *by the court* on motion. There is no authority under Rule 4019 for any sanction to be imposed upon mere praecipe to the prothonotary, as was done in the instant case.

Since Rule 4019 provides the court with exclusive authority to grant a default as a sanction, the prothonotary was without power to do so, and the judgment so entered "is a nullity and without legal effect". *Phillips v. Evans*, supra, 164 Pa.Super. at 412, 65 A.2d at 424. Further, the fact that the court, by its August 19, 1977 order, itself authorized a default upon appellee's praecipe, does not validate the judgment. The court was without power to expand the prothonotary's ministerial duties beyond that granted by statute or rule. "The fact that the court directs the clerk to make the entry does not change the rule that he is strictly confined to the limitations of the statute, since the court's direction in such case adds nothing to the clerk's powers and duties in the matter." 47 Am.Jur.2d, Judgments, § 1156; See generally, Anno. 58 A.L.R. 1091.[2]

The order of the court below, refusing to strike the judgment, is therefore reversed, and the case remanded for further proceedings.

Reversed and remanded.

**2.** Our decision is expressly limited to sanctions imposed for violating a Rule 4009 order to produce documents. We intimate no view as to the validity of Philadelphia Star Rule 4005, relating to sanctions for failure to answer interrogatories.