423 A.2d 351

**William J. FOX**

v.

**Frank K. GABLER, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed Oct. 24, 1980.

Reargument and Clarification Denied Jan. 14, 1981.

Petition for Allowance of Appeal Denied March 13, 1981.

---

Michael Yanoff, Lansdale, for appellant.

Charles Weiss, Ambler, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant, Defendant below, appeals from an order of the lower court refusing to open or strike a default judgment entered against him by the Prothonotary of Montgomery County, pursuant to Appellee's praecipe, for the failure of Appellant to file answers to Appellee's interrogatories.

The acrimonious and protracted litigation underlying the instant appeal commenced in 1974 when Appellee, as Plaintiff below, filed a complaint in equity against Appellant wherein Appellee alleged that he was an undisclosed partner with Appellant in the ownership of a restaurant and tavern business. The complaint sought, inter alia, an accounting of profits for the nine–year period preceding the filing of the complaint. Appellant by answer, denied the existence of any such relationship.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

On August 22, 1977, Appellee filed and served upon Appellant written interrogatories pursuant to Pa.R.C.P.No. 4005. Interrogatories Nos. 7, 8, 9 and 10 sought financial information from Appellant including the gross and net profits of the business, salary and other remuneration and benefits received therefrom by Appellant, the location of Appellant's bank accounts, production of tax returns, and other similar information.

Appellant filed answers to Appellee's Interrogatories on October 11, 1977, and in response to interrogatory No. 7, Appellant responded as follows:

"7. The undersigned has written to William Pollen, the defendant's accountant, and requested the information set forth in question 7. As soon as the information is received, it will be forwarded to the attorney for the plaintiff. Please note that some of the information requested may be the subject of an investigation by the Internal Revenue Service and this information will be produced as soon as the investigation terminates. The defendant has filed a Motion for Protective Order on or about October 5, 1977 concerning discovery of information which is the subject of the IRS investigation."

The answers to interrogatories Nos. 8, 9 and 10 were the same.

Obviously dissatisfied with Appellant's responses, Appellee on October 19, 1977, filed a Motion for Sanctions for the failure to file answers to interrogatories Nos. 7, 8, 9 and 10. On November 15, 1977, the lower court, by Judge STEFAN granted the Motion and ordered Appellant to answer the interrogatories in the following language:

"AND NOW, this 15th day of November, 1977 no answer having been filed and an affidavit of service having been filed, the rule is made absolute and the Motion for Sanctions is granted and defendant is directed to file answers to plaintiff's interrogatories No. 7, 8, 9 and 10 within thirty days from the date of this order or, *upon failure to do so, to suffer a judgment by default upon praecipe filed with the Prothonotary so directing.*" (Emphasis added)

On January 13, 1978, apparently in response to Judge STEFAN's Order, Appellant filed the following:

## "ANSWER TO INTERROGATORIES

7. Defendant still has not received by information requested by this Interrogatory from his Accountant. In addition, and by way of further answer, Plaintiff filed a Motion to Produce Documents in which he requested that the same documents and information requested by this Interrogatory be produced for his inspection. At argument before the Honorable Vincent A. Cirrillo, the said Motion was denied and Plaintiff was not permitted to inspect these documents. See attached Exhibit 'A'. Plaintiff cannot therefore now request the same documents as were already refused him by Order of this Court. The Order of the Court is therefore determinative of Plaintiff's rights to this information.

Further, the information requested by this Interrogatory if produced in this Answer, may subject Defendant to prosecution by the Internal Revenue Service, and therefore violate his right against self–incrimination. At argument on Defendant's Motion for a Protective Order, the Honorable Horace A. Davenport ruled that Defendant could raise the privilege against self–incrimination at the time of a deposition which Defendant will attend. At that time, Judge Davenport stated, the question of self–incrimination would be resolved.

This Interrogatory therefore is improper at this stage of the proceedings.

8, 9, 10. See Answer number 7 above ..."

On January 16, 1978, Appellant then filed a petition to stay or set aside Judge STEFAN's Order of November 15, 1977. The reasons set forth in the petition as the basis for relief were essentially the same as those contained in the "ANSWER TO INTERROGATORIES" filed by Appellant on January 13, 1978, and the additional assertion by Appellant that Judge DAVENPORT had ruled at an earlier proceeding relating to Appellant's deposition that Appellant could invoke the privilege against self–incrimination at the

time of the deposition.[1]   A rule annexed to the petition was granted and made returnable on February 17, 1978.

Notwithstanding the grant of the rule, Appellee, on January 18, 1978, filed a praecipe directed to the Prothonotary of Montgomery County seeking the entry of a default judgment against Appellant for the failure to comply with Judge STEFAN's Order of November 15, 1977 by filing answers to interrogatories Nos. 7, 8, 9 and 10.   A copy of Judge STEFAN's Order was annexed to the praecipe together with an affidavit of non—military service.   The Prothonotary entered a default judgment against Appellant on the same day for the failure to comply with Judge STEFAN's Order.

On January 26th, 1978, Appellee filed an answer to Appellant's petition to stay or set aside Judge STEFAN's Order. Following the filing of the answer, Judge HONEYMAN, on February 17, 1980, entered an order directing that the matter be placed upon the argument list after the taking of depositions if necessary, to be completed and filed within thirty days.

All of this notwithstanding, on January 30, 1978, Appellee also filed a petition to strike the "ANSWER TO INTERROGATORIES" earlier filed by Appellant on January 13, 1978, and a rule annexed to the petition was granted upon Appellant, returnable March 3, 1978.   Appellant filed an answer to the petition and on March 3, 1978 the court by Judge MOSS, entered an order again directing that the matter be placed upon the argument list.

Finally, on February 11, 1978, Appellant filed the instant petition to open or strike the judgment entered by the Prothonotary on January 18, 1978, upon Appellee's praecipe. Appellee filed an answer to the petition on March 2, 1978, containing new matter and Appellant filed a reply on March 10, 1978.

On May 18, 1978, the lower court, by Judge DAVENPORT denied Appellant's petition to set aside Judge STEFAN's Order of November 15, 1977, and by Order dated June 1,

1.   There is no. such ruling in the record below, as the opinion of the lower court makes plain.   Appellant's brief at 20.

1978, did so again, struck the "ANSWER TO INTERROGA-TORIES" filed by Appellant on January 13, 1978, and directed Appellant to ". . . answer the plaintiff's interrogatories fully within thirty days of this date."

On June 30, 1978, apparently in response to Judge DAVENPORT's Order of June 1, 1978, Appellant filed answers to Appellee's interrogatories Nos. 7, 8, 9 and 10, in much more detail than those contained in the document filed on January 13, 1978.

Our paper chase is not yet concluded, however, as we observe that on August 1, 1978, Appellee, again not satisfied with Appellant's answers as filed on June 30, 1978, filed a Motion for Sanctions for the asserted failure to file complete answers to interrogatories Nos. 7, 8, 9 and 10. Appellant filed an answer to the Motion for Sanctions on August 24, 1978. The record does not reveal the disposition, if any, of Appellee's motion.

Nevertheless, by Order dated November 9, 1978, following the filing of briefs and oral argument, the court, by Judge DAVENPORT, "refused" Appellant's petition to open or strike the default judgment entered earlier against Appellant by the Prothonotary. Appellant now appeals the latter Order and bases his appeal upon a number of grounds. In view of our disposition, we need consider only one.

Although not clearly articulated in his petition to strike, Appellant argues here, as he did below, that notwithstanding the language and tenor of Judge STEFAN's Order of November 15, 1977, the Prothonotary of Montgomery County was without power or authority to enter a default judgment for the failure to file answers to interrogatories. We agree and now reverse, noting that our disposition is controlled by our earlier decisions in *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979) and *Newsome v. Braswell*, 267 Pa.Super. 83, 406 A.2d 347 (1979).

At the outset we observe that a motion or petition to strike a default judgment will not be granted unless a fatal defect appears on the face of the record. *Cameron v. Great Atlantic & Pacific Tea Co.*, 439 Pa. 374, 266 A.2d 715 (1970);

496

*General Electric Credit Corp. v. Slawek*, 269 Pa.Super. 171, 409 A.2d 420 (1979), and if the record is self–sustaining, a court may not strike the judgment. *Newsome v. Braswell*, supra; *Advance Building Services v. F & M Schaefer Brewing Co.*, 252 Pa.Super. 579, 384 A.2d 931 (1978).

■ As we have also observed, the face of the record before us reveals that the Prothonotary, upon praecipe of Appellee entered the default judgment against Appellant. Therein lies the fatal flaw.

In *Gonzales*, supra, although there striking down a local rule of court permitting the Prothonotary to enter a judgment of non–pros against a plaintiff who failed to file answers to interrogatories, we said pertinently:

"Pa.R.C.P.No. 4019 is clear. It establishes an unequivocal and mandatory procedure. Where answers to interrogatories have not been filed, a motion must be presented to the court to determine the default. *Hanchey v. Elliott Truck Brokerage Company*, 421 Pa. 131, 135, 218 A.2d 743, 745 (1966). Upon finding that a default has occurred, 'the court may . . make an appropriate order.' Subdivision (c) of Pa.R.C.P.No. 4019 amplifies the scheme of the rule by designating specific sanction orders which may be appropriate under particular circumstances. The imposition of specific sanctions, however, is largely within the discretion of the court. *Pompa v. Hojmacki*, 445 Pa. 42, 45, 281 A.2d 886, 888 (1975). See also: 10 *Goodrich–Amram 2d* § 4019(a): 2.1, 3.1; 5A *Anderson Pennsylvania Civil Practice* § 4019.2. As a general rule, sanctions will not be imposed in the absence of some wilful disregard or disobedience of a court order or an obligation expressly stated in the Rules. In any event, it is the court which has been given responsibility for overseeing discovery conducted by the parties and which may enter appropriate sanctions to insure the adequate and prompt discovery of matters allowed by the Rules of Civil Procedure."

and

"A standard order, predetermined by the court and imposed uniformly in all cases by the Prothonotary, will

not suffice. Pa.R.C.P.No. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which 'fits the crime.' If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to 'fit the punishment to the crime' compels the exercise of judicial discretion. The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." *Id.,* 268 Pa.Super. at 252, 407 A.2d at 1341.

In *Newsome,* supra, a case remarkedly similar to the matter before us, Appellee moved for the production of certain books of account maintained by Appellant, pursuant to Pa.R.C.P.No. 4009. The motion was granted by the lower court in the following order:

"Should the defendant Braswell fail to comply with the terms of this order within times specified, then in such event, judgment of default shall be entered in favor of plaintiff and against defendant Neil Braswell, individually and trading as Neil's Exxon Station *upon praecipe of plaintiff.*" Id., 267 Pa.Super. at 85, 406 A.2d at 348. (Emphasis added)

Appellant did not produce the requested books and Appellee filed a praecipe with the Prothonotary on the thirty–eighth day following the entry of the court's order. The Prothonotary entered a default judgment against Appellant on the same day. Ordering the judgment stricken, we said:

"Rule 4019(c)(3) provides for the sanction of judgment 'by default against the disobedient party or party advising disobedience.' The language of the Rule is clear that sanction orders, (for our purposes, that of default), may be issued only by the court on motion. There is no authority

under Rule 4019 for any sanction to be imposed upon mere praecipe to the prothonotary, as was done in the instant case."

It will be recalled that in response to Judge STEFAN's Order, and prior to the entry of the default judgment, Appellant at bar filed a document styled "ANSWER TO INTERROGATORIES," purporting to comply with the Order. Whatever the validity of such attempted compliance may have been, the document required some analysis and interpretation in order to determine whether it did or did not comply with Judge STEFAN's Order. Such function is clearly beyond the authority of the Prothonotary whose duties are, again, merely ministerial. *Irwill Knitwear Corp. v. Wexler*, 229 Pa.Super. 48, 323 A.2d 23 (1974); *Hanchey v. Elliott Truck Brokerage Co.*, supra; *Smith v. Safeguard Mutual Ins. Co.*, 212 Pa.Super. 83, 239 A.2d 824 (1968); *Thompson v. Cortese*, 41 Pa.Cmwlth. 174, 398 A.2d 1079 (1979).

As the Prothonotary of Montgomery County improvidently entered the default judgment, the order of the court below, refusing to strike the judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.