**Associated Estates Corp. v. Marsh**

*Robert A. Galanter,* for plaintiff.
*James L. Larrimer,* for defendant.

WETTICK, *J.,* February 19, 1982—Plaintiff, a corporation doing business in Cleveland, Ohio, seeks damages for rent allegedly due under a lease of its Cleveland, Ohio, property to defendant. In his answer, defendant, an individual residing in Allegheny County, denies that any rent is due and counterclaims for plaintiff's wrongful withholding of the security deposit. Shortly after filing his answer, defendant filed with the prothonotary a praecipe for a rule to enter security for costs and to stay proceedings. Pursuant to this praecipe, the prothonotary issued a rule on plaintiff to enter costs for security within 30 days. This rule also stayed all proceedings in the meantime. Plaintiff filed an answer to this rule in which it, inter alia, requested that the rule be stricken. This request is the subject of this opinion and order of court.

The praecipe was filed and rule issued by the prothonotary ordering plaintiff to enter security for costs and staying proceedings pursuant to Allegheny County local rule 1007 which reads as follows:

"In cases where the plaintiff is a non-resident of Pennsylvania, the defendant, after filing an an-

swer may on praecipe have a rule on the plaintiff to enter security for costs within thirty (30) days after service of the rule, all proceedings to be stayed in the meantime. If security is not entered the prothonotary upon praecipe shall enter a judgment of non pros."

We will strike the rule issued by the prothonotary to enter security for costs and to stay proceedings because it gives no direction to plaintiff as to the amount of security that shall be entered. Consequently, the rule on its face is unenforceable.

Also, the rule cannot be cured by the prothonotary. We assume that the costs covered by local rule 1007 are anticipated costs which a defendant will incur in defending the action. We make this assumption because local rule 1007 permits a defendant to obtain the rule on a plaintiff to enter security for costs immediately after filing his or her answer and at that time a defendant has incurred no costs. Consequently, the rule would be meaningless if it covered only outstanding costs already incurred.

Where a party is required to post security for anticipated costs, the amount of security that will be required is discretionary: 5 Goodrich-Amram 2d 1524:1; 15 Standard Pennsylvania Practice, Ch. 73, §95. Therefore, only the court may set the amount of security. The prothonotary cannot do so because he or she is only a clerk of the common pleas court and, thus, has no power to interpret or implement rules or statutes: Warner v. Cortese, 5 Pa. Commonwealth Ct. 51, 288 A. 2d 550 (1972); Thompson v. Cortese, 41 Pa. Commonwealth Ct. 174, 398 A. 2d 1079 (1979).

We have other questions concerning the legality

of local rule 1007. May a defendant, pursuant to this local rule, automatically obtain a rule from the court compelling the posting of security for anticipated costs; does the privileges and immunities clause of the U. S. Const. Art. 4, §2, impose any barriers to this discriminating treatment of non-residents; and may a common pleas court adopt a local rule requiring non-residents to post security in the absence of specific authorization from the Pennsylvania Supreme Court?* However, we need not address these questions at this time. In this case, we hold only that the prothonotary is without authority to issue a rule on a non-resident plaintiff to enter security for anticipated costs, and it is on the basis of this holding that we grant plaintiff's request to strike the rule.

ORDER

On February 19, 1981, it is hereby ordered that the November 23, 1981 rule issued upon Associated Estates Corporation to enter security for costs and staying the proceedings in the meantime is hereby stricken.

---

*Pa.R.C.P. 1524 governing equity action permits a court by local rule to require a party who claims affirmative relief to enter security for costs; also note that section 19 of the Act of May 5, 1911, P.L. 198, as amended, 17 P.S. §651, which governed the Allegheny County court and provided that upon order of court costs may be required to be deposited or secured in advance in the case of non-resident plaintiffs has been repealed by the Judicial Code, 42 Pa.C.S.A. §101 et seq.