Wendell D. SOLLENBERGER,
Appellant

v.

Pamela S. LEE, Prothonotary.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2007.

Decided June 8, 2007.

Wendell D. Sollenberger, appellant, pro
se.

Michael W. Flannelly, York, for appel-
lee.

OPINION PER CURIAM.

Wendell D. Sollenberger (Sollenberger)
appeals from the December 26, 2006, order
of the Court of Common Pleas of York
County (trial court), which sustained the
preliminary objection of Pamela S. Lee,
Prothonotary, (Prothonotary) and dis-
missed Sollenberger's petition for a declar-
atory judgment. We affirm.

In his petition, Sollenberger alleges that
the Prothonotary improperly recorded
against his real and personal property a
Notice of Federal Tax Lien that lacked a
court order. (Petition, ¶¶ 8–9; R.R. at 2a–
3a.) Sollenberger asserts that a court or-
der establishing the lien was necessary to
satisfy due process of law and the require-
ments of section 1516 of the Judicial Code,
which states that a judgment of a district
justice shall not operate as a lien on real
property until a transcript of the record
showing a final judgment has been proper-
ly filed in the clerk of courts office. 42
Pa.C.S. § 1516. Sollenberger seeks an or-
der expunging the Notice of Federal Tax

Lien from the public records. (R.R. at 7a.)

██ In response, the Prothonotary filed a preliminary objection in the nature of a demurrer. The trial court sustained the demurrer. In doing so, the trial court explained that the right of the federal government to place a lien on a delinquent taxpayer's property is governed by federal law, independent of state law. *See United States v. Union Central Life Insurance Company*, 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961) (stating that the subject of federal taxes, including remedies for their collection, has always been conceded to be independent of state law). The trial court also indicated that the appropriate way for Sollenberger to challenge the Notice of Federal Tax Lien is by filing an appeal under section 6326(a) of the Internal Revenue Code, which states that "any person shall be allowed to appeal to the Secretary after the filing of a notice of a lien ... for a release of such lien...." 26 U.S.C. § 6326(a). Sollenberger now appeals to this court.[1]

██ Sollenberger argues that the Prothonotary did not have the authority to file the Notice of Federal Tax Lien without confirming that there had been an adjudication of Sollenberger's tax liability. We disagree.

██ "The prothonotary is not 'an administrative officer who has discretion to interpret or implement rules and statutes.'" *Thompson v. Cortese*, 41 Pa. Cmwlth. 174, 398 A.2d 1079, 1081 (1979) (quoting *Warner v. Cortese*, 5 Pa.Cmwlth. 51, 288 A.2d 550, 552 (1972)). "Therefore, if documents tendered for filing are proper on their face and in conformity to rules of court, a prothonotary does not have discretion to refuse to enter them...." *Id.* Here, Sollenberger does not allege that the Notice of Federal Tax Lien was improper on its face or that rules of court prohibited the Prothonotary from recording the Notice of Federal Tax Lien. Thus, the Prothonotary did not have discretion to refuse to enter the Notice of Federal Tax Lien in the public records.[2]

Accordingly, we affirm.[3]

### ORDER

AND NOW, this 8th day of June, 2007, the order of the Court of Common Pleas of York County, dated December 26, 2006, is hereby affirmed.

---

1. Our scope of review of a trial court order sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Larry Pitt & Associates v. Long*, 716 A.2d 695 (Pa.Cmwlth. 1998).

2. Sollenberger also argues that the trial court erred in concluding that section 1516 of the Judicial Code does not apply in this case and that federal law controls. However, by its plain language, section 1516 of the Judicial Code applies only to judgments of a district justice; the provision does not apply to a federal tax lien. 42 Pa.C.S. § 1516. Moreover, by its plain language, 26 U.S.C. § 6326(a) applies to the filing of a Notice of

Federal Tax Lien, stating that any person may appeal from the filing of a notice of a tax lien. 26 U.S.C. § 6326(a). Although Sollenberger would like the trial court and this court to address his arguments and expunge the lien, because this is a federal matter with the right to an administrative appeal, state courts have no jurisdiction to do so.

3. Sollenberger suggests that it is unfair to allow the Prothonotary to record an erroneous lien against him **before** federal officials have complied with the law. However, if federal officials have acted contrary to law, Sollenberger's remedy is not an action against the Prothonotary.