Alton D. BROWN, Appellant

v.

Mark LEVY.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 25, 2011.

Decided June 27, 2011.

Reargument Denied Aug. 19, 2011.

Alton D. Brown, pro se.

Philip W. Newcomer, Norristown, for appellee.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.[1]

Alton D. Brown (Brown) appeals *pro se* from the May 12, 2009, order of the Court of Common Pleas of Montgomery County (trial court) granting the motion to dismiss filed by Montgomery County Prothonotary Mark Levy (Prothonotary) and dismissing with prejudice Brown's petition for a writ of mandamus. We reverse.

Brown, an inmate at SCI Graterford, filed a *pro se* civil action against the Pennsylvania Department of Corrections (Department), the Pennsylvania Department of Health, and various individual defendants alleging, *inter alia,* that the defen-

1. This case was reassigned to the authoring judge on May 10, 2011.

dants withheld medical treatment and engaged in other conduct in violation of Brown's constitutional rights. After the Prothonotary twice refused to accept Brown's complaint, Brown filed a petition for a writ of mandamus with the trial court seeking to compel the Prothonotary to accept his complaint for filing. Among other things, Brown cited Pa.R.C.P. No. 205.2, and asserted that the Prothonotary has a duty to file documents that substantively comply with the rules of civil procedure.[2] (R.R. at 5(b).) In response, the Prothonotary filed a motion to dismiss the mandamus action under the statute commonly known as Pennsylvania's Prison Litigation Reform Act (PLRA), 42 Pa.C.S. §§ 6601–6608.

■ The PLRA's "three strikes rule," 42 Pa.C.S. § 6602, authorizes the dismissal of prison conditions litigation after three or more prior civil actions have been dismissed as frivolous or malicious or for failure to state a claim.[3] "Prison conditions litigation" is defined as a civil proceeding arising in whole or in part under federal or state law concerning conditions of confinement or "the effects of actions by a government party on the life of an individual confined in prison." 42 Pa.C.S. § 6601. There is no question that Brown has accumulated many more than three strikes;[4] the trial court concluded that Brown's mandamus action constitutes prison conditions litigation because the Prothonotary is a government party whose action denied an inmate access to the courts.

On appeal to this Court,[5] Brown argues that the trial court erred in dismissing his mandamus action pursuant to the three strikes rule because that action "only seek[s] an order requiring the filing of a

---

**2.** Rule 205.2 requires the prothonotary to accept for filing all pleadings and other legal papers that comply with the statewide rules of civil procedure.

**3.** In relevant part, section 6602(e)(2) of the PLRA provides as follows:

> Dismissal of litigation.—... the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
>     \*    \*    \*
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e)(2). In addition, an inmate's litigation is considered abusive if the prisoner has previously filed prison conditions litigation and:

> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official

capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

**4.** Brown has been before state and federal courts numerous times. See e.g., *Brown v. Beard*, No. 08–0743, 2010 WL 1257967 (E.D.Pa., March 25, 2010); *Brown v. Beard*, 492 F.Supp.2d 474 (E.D.Pa.2007); *Brown v. Levy*, 993 A.2d 364 (Pa.Cmwlth.2010); *Brown v. Department of Corrections*, 913 A.2d 301 (Pa.Cmwlth.2006); *Brown v. James*, 822 A.2d 128 (Pa.Cmwlth.2003).

**5.** Our scope of review of the trial court's dismissal of Brown's complaint in mandamus is limited to determining whether the trial court abused its discretion or committed an error of law. *Green v. Tioga County Board of Commissioners*, 661 A.2d 932 (Pa.Cmwlth. 1995).

document," (Brown's brief at 4), and is not prison litigation within the meaning of section 6602 of the PLRA.[6] We agree.

Initially, we observe that the trial court's conclusion that the mandamus action constitutes prison conditions litigation presupposes that access to the courts—i.e., the filing of his complaint—would necessarily have an ascertainable effect on Brown's prison life when, in fact, the opposite result—dismissal of *that* complaint under the three strikes rule—is a foregone conclusion. There simply can be no doubt that Brown's civil complaint against the Department and other defendants is subject to dismissal under section 6602 of the PLRA. *See e.g., Brown v. Department of Corrections,* 913 A.2d 301 (Pa.Cmwlth. 2006). However, the mandamus action brought against the Prothonotary is distinct from the complaint filed against the other defendants, which the Prothonotary improperly refused to accept.

■ Our Supreme Court has explained that the Prothonotary, while playing an essential role in our court system, lacks authority to interpret statutes, evaluate the merits of a litigant's pleading, and decline to accept a timely filed document. *In re Administrative Order No. 1–MD–2003 (Administrative Order),* 594 Pa. 346, 936 A.2d 1 (2007). In *Administrative Order,* the Clerk of Courts of the Court of Common Pleas of Berks County (clerk of courts) filed exceptions to an administrative order that directed the clerk of courts to seal certain records in his custody, contending that the order violated the Criminal History Record Information Act, 18 Pa.C.S. §§ 9101–9183. The Court of Common Pleas dismissed the exceptions, concluding, in part, that the clerk of courts lacked standing to challenge the order.

Commonwealth Court affirmed, as did our Supreme Court.

■ The Supreme Court began its analysis of the standing issue by examining the nature of the office of the clerk of courts. Noting that the clerk of courts and the prothonotary are parallel offices, the court observed as follows:

> It is "well settled" in the intermediate courts of this Commonwealth that the role of the prothonotary of the court of common pleas, while vitally important, is purely ministerial. *Gotwalt v. Dellinger,* 395 Pa.Super. 439, 577 A.2d 623, 625 (1990) (citing *Chamberlain v. Altoona Hospital,* 389 Pa.Super. 600, 567 A.2d 1067, 1068 (1989); *Irwill Knitwear Corp. v. Wexler,* 229 Pa.Super. 48, 323 A.2d 23, 24 (1974)). As a purely ministerial office, any authority exercised by the prothonotary must derive from either statute or rule of court. *Gotwalt,* 577 A.2d at 625 (citing *Newsome v. Braswell,* 267 Pa.Super. 83, 406 A.2d 347, 349 (1979)). Further, as "[t]he prothonotary is merely the clerk of the court of Common Pleas[,] [h]e has no judicial powers, nor does he have power to act as attorney for others by virtue of his office." *Id.* (citing *Smith v. Safeguard Mutual Insurance Co.,* 212 Pa.Super. 83, 239 A.2d 824, 826 (1968)). Consistent therewith, "[t]he prothonotary is not 'an administrative officer who has discretion to interpret statutes.'" *Thompson v. Cortese,* 41 Pa.Cmwlth. 174, 398 A.2d 1079, 1081 (1979) (quoting *Warner v. Cortese,* 5 Pa.Cmwlth. 51, 288 A.2d 550, 552 (1972)). Thus, while playing an essential role in our court system, the prothonotary's powers do not include the judicial role of statutory interpretation.

---

**6.** Brown also argues that he provided credible allegations that he was in imminent danger of serious bodily injury, allowing him to proceed with his claims against the Department and other defendants notwithstanding the three strikes rule.

*Administrative Order,* 594 Pa. at 360–61, 936 A.2d at 9. Also quoting *Thompson* and *Warner,* we specifically observed in *Sollenberger v. Lee,* 925 A.2d 883 (Pa.Cmwlth. 2007), that if documents tendered for filing are proper on their face and in conformity to the rules of court, a prothonotary does not have discretion to refuse to enter them.

■ This court recently upheld the dismissal of a mandamus action involving the same parties and substantially similar facts in *Brown v. Levy,* 993 A.2d 364 (Pa. Cmwlth.2010). However, we conclude that the holding in that case is not controlling here because the opinion does not indicate that the authority of the Prothonotary to refuse to accept the complaint for filing was at issue. Instead, in light of the well settled principles of law set forth above, we are compelled to hold that the Prothonotary's lack of authority to refuse to accept Brown's complaint compels a reversal of the trial court's order in this case.

### ORDER

AND NOW, this 27th day of June, 2011, the order of the Court of Common Pleas of Montgomery County, dated May 12, 2009, is hereby reversed and the matter is remanded to the Court of Common Pleas for further proceedings on the mandamus complaint.

Jurisdiction relinquished.