422 A.2d 1135

**Claude V. FALKENHAN, Esquire, On Behalf of Himself and all Members of the Butler County Bar Association**

v.

**Honorable John H. WISE, Prothonotary of the Court of Common Pleas of Butler County, Pennsylvania.**

**Appeal of Claude V. FALKENHAN, Esquire.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Nov. 21, 1980.

Claude V. Falkenhan, Zelienople, for appellant.

Leo M. Stepanian, Butler, for Butler County Bar Ass'n, appellee.

Lee A. Montgomery, Butler, for Wise, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

Plaintiff, Claude V. Falkenhan, Esq., a member of the Butler County bar, has brought this action in equity on behalf of himself and all members of the Butler County Bar Association (hereinafter called "Association"), seeking to compel the defendant, Honorable John H. Wise, Prothono-

tary of the Court of Common Pleas of Butler County, to comply with certain rules of civil procedure. Specifically, the rules in question are Pa.R.C.P. No. 236,[1] Pa.R.C.P. No. 1038(e),[2] Pa.R.C.P. No. 1517(b),[3] and Pa.R.C.P. No. 1519(c).[4]

1. **Pa.R.C.P. 236. Notice by Prothonotary of Entry of Order, Decree or Judgment**

(a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:

(1) When a judgment by confession is entered, to the defendant at the address stated in the certificate of resdence (sic) filed by the plaintiff together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) In all other cases, to each party who has appeared in the action or to the party's attorney of record.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

(c) Failure to give the notice or to mail the required documents, or both, shall not affect the lien of the judgment.

Amended March 10, 1977, effective 30 days after March 26, 1977.

2. **Pa.R.C.P. 1038. Trial Without Jury**

(e) The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the ten (10) day period or if a waiver in writing of the right to file exceptions signed by all parties has been filed. Except as provided by Rule VII of the Special Rules, Court of Common Pleas, First Judicial District, Philadelphia County, promulgated July 31, 1963, exceptions shall be heard by the court en banc, which shall sustain or dismiss them in whole or in part, affirm, modify or reverse the decision, direct the entry of judgment in favor of any party, or order a new trial as to all or any of the issues or parties. The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney of record of the entry of the final judgment or of any other order of the court.

Amended April 21, 1977, effective 90 days after April 30, 1977.

3. **Pa.R.C.P. 1517. The Adjudication. Notice**

(b) The adjudication may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing.

Adopted Jan. 4, 1952, effective July 1, 1952; amended June 27, 1969, effective Sept. 1, 1969.

4. **Pa.R.C.P. 1519. Final Decree. Disposition of Exceptions**

These rules concern the duty of the Prothonotary to give certain notices to litigants and their counsel. In addition, compliance by the Prothonotary with Pa.R.C.P. No. 1133(a)(1),[5] dealing with the appointment of masters in divorce actions, is also called into question by appellant.

Appellant filed his complaint on October 24, 1977. Appearance on behalf of appellee, John H. Wise, was entered on November 16, 1977 by attorney Lee A. Montgomery, a member of the Association. Appellant petitioned the lower court to disqualify attorney Montgomery from representing appellee, claiming that by virtue of being a member of the Association, the defense counsel was a member of the plaintiff class and could not represent the defendant. This petition was denied by the lower court, and appellant's appeal of this issue was quashed per curiam by this court.[6]

Appellee filed preliminary objections demurring to the complaint (1) as failing to state a cause of action upon which relief could be granted, (2) claiming that there existed a remedy at law, and (3) moving to strike because of scandalous and impertinent matters and failure to conform to the law.

(c) The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney of record of the entry of the final decree or of any other order of the court.
Adopted Jan. 4, 1952, effective July 1, 1952; amended March 27, 1956, effective July 1, 1956; amended June 27, 1969, effective Sept. 1, 1969; amended March 28, 1973, effective July 1, 1973. Amended June 29, 1977, eff. July 29, 1977.

5. Pa.R.C.P. 1133. Hearing by the Court. Appointment of Master (a)(1) After the action is at issue, the court shall hear the testimony or upon its own motion or the motion of either party may, except as to the issues of custody, paternity and support, appoint a master to hear the testimony and return the record and a transcript of the testimony to the court, together with his report and recommendation. Adopted Nov. 26, 1947, effective June 1, 1948; amended July 21, 1961, effective Oct. 1, 1961; amended and effective Oct. 5, 1971; amended March 28, 1973, effective July 1, 1973.

6. The Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal on this issue.

The Association also filed preliminary objections, requesting the lower court to dismiss it from the action on the basis that it was not a proper party, and also raising questions of jurisdiction and lack of conformity to the law. The appellant moved to strike the preliminary objections filed by the Association, alleging that they were not a party to the action. The court took no action on this motion; rather, it heard arguments on all preliminary objections. Therein, the appellant conceded the availability of mandamus. On July 23, 1979, the Honorable John A. Cherry, Specially Presiding, sustained the preliminary objections and dismissed the action, with the following order:

"Now July 23, 1979, preliminary motions of the Butler County Bar Association and its members, together with the preliminary objections of defendant, John H. Wise, Prothonotary, are sustained; the Butler County Bar Association and its members are dismissed as plaintiffs in this cause; and the action against John H. Wise, Prothonotary, is dismissed by reason of there being no legal basis upon which plaintiffs' position in this regard may be sustained. Costs shall be paid by plaintiff, Claude V. Falkenhan."

This appeal followed.[7]

Appellant raises the following issues on appeal:

(1) Is the order of the lower court final and appealable?

(2) Does the complaint properly state a good cause of action?

(3) Does the complaint initiate a valid class action?

(4) May a class member appear on behalf of the defendant?

(5) Is the Association a party to this action?

7. The appellee filed a Motion to Quash this appeal, claiming that the subject matter of the lawsuit was moot, appellant failed to preserve the issues raised in the lower court, and failed to serve Notice of Appeal on counsel for appellee. This motion was denied per curiam on September 27, 1979, by this court.

The Association also filed a Motion to Quash this appeal, claiming that it received no notice of appeal, although its counsel filed an appearance of record and so served it upon appellant. This motion was denied per curiam on November 5, 1979, by this court.

(6) Is appellant, as attorney for the class, entitled to counsel fees for the prosecution of this appeal or any part of this action?

As to the first issue, the order of the lower court is clearly final and appealable. An order of dismissal based upon preliminary objections has the effect of ending the litigation and putting the litigants out of court. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). When the practical ramification of a decree is to completely deprive the litigant of his day in court, then that order is final and appealable. See *Safety T. Corp. v. Hoffman T. Co., Inc.*, 458 Pa. 102, 329 A.2d 834 (1974). See also, *Rose Tree Media School District v. Department of Public Instruction*, 431 Pa. 233, 244 A.2d 754 (1968), *Volunteer Firemen's Relief Association of City of Reading v. Minehart*, 415 Pa. 305, 203 A.2d 476 (1964). In *Brandywine Joint Area School Authority v. Van Corp., Inc.*, 426 Pa. 448, 233 A.2d 240 (1967), the Pennsylvania Supreme Court permitted an appeal from an order sustaining preliminary objections which dismissed a complaint. We must agree that the order of the lower court dated July 23, 1979 is final and appealable since it unquestionably terminated appellant's actions. This appeal is therefore properly before us.

The second issue raises the question of whether the complaint states a cause of action upon which relief could be granted. The complaint was filed in equity, but appellee, in his preliminary objections, stated that since adequate relief was available on the law side, the complaint was improperly filed and should be dismissed. Appellant agreed that an action in mandamus could lie; however, he did not amend his complaint nor did the court certify it to the law side. An action in mandamus is an extraordinary writ which lies only to compel performance of ministerial acts or mandatory duties where there is a clear legal right in plaintiff, or corresponding duty in the defendant and want of any other appropriate and adequate remedy. *Wagonhoffer v. Philadelphia Board of License and Inspection Review*, 35 Pa. Cmwlth. 440, 386 A.2d 622 (1978), *Kerr v. Commonwealth, Department of State*, 35 Pa.Cmwlth. 330, 385 A.2d 1038

(1978). It was specifically held in *Warner v. Cortese*, 5 Pa.Cmwlth. 51, 288 A.2d 550 (1972), that mandamus is the appropriate remedy to compel a prothonotary to perform his ministerial duties in conformity to the Pennsylvania Rules of Civil Procedure. See also, *Thompson v. Cortese*, 41 Pa. Cmwlth. 174, 398 A.2d 1079 (1979).

■ Since mandamus is the proper remedy for a case of this nature, we must examine appellant's complaint to determine if it states a valid cause of action in mandamus. Appellant seeks to compel the defendant to perform ministerial duties, specifically, to give notices to counsel and litigants as required by law, and to institute a system for the appointment of masters in divorce to conform with the laws and rules. Although the preliminary objections contain numerous references to conclusions and impertinent and scandalous allegations in the complaint, the lower court did not pass on these objections but dismissed the complaint, ruling there was no legal basis upon which plaintiff's position could be sustained. We shall not undertake to rule on these specific objections but will merely examine those parts of the complaint to which there have been no objections filed. In doing so, we find sufficient allegations to sustain the complaint under the rules of pleading in Mandamus, as set forth under Pa.R.C.P. 1095.[8] We therefore reverse and remand this case to the law side of the court in compliance with Pa.R.C.P. No. 1509(c). See *Allegheny Plastics, Inc. v. Stuyvesant Ins. Co.*, 414 Pa. 381, 200 A.2d 775 (1964). Pursuant to the liberal right of amendment that is afforded all

---

8. Pa.R.C.P. 1095. The Complaint (In Mandamus)
 The plaintiff shall set forth in the complaint:
 (1) the name and description of the plaintiff and defendant;
 (2) the facts upon which plaintiff relies for the relief sought;
 (3) the act or duty the defendant is required to perform and his refusal to perform it;
 (4) the interest of the plaintiff in the result;
 (5) the damages, if any;
 (6) the want of any other adequate remedy at law;
 (7) a prayer for the entry of a judgment against the defendant commanding him to perform the act or duty he is required to perform and for damages, if any, and costs.
 Adopted June 25, 1946, effective Jan. 1, 1947.

litigants, see Pa.R.C.P. No. 1033, we grant appellant leave to amend his complaint so as to conform to the requirements of an action in mandamus. See *Eastgate Enterprises v. Bank & Trust Co. of Old York Road,* 236 Pa.Super. 503, 345 A.2d 279 (1975).

■ Issues No. (3), (4) and (6) refer to the class action aspect of this case. This suit was filed on behalf of the individual plaintiff, Falkenhan, who alleges he is a member of the Butler County Bar Association, and the members of the Butler County Bar Association. However, the complaint states that harm is being done to "all members of the class and of all attorneys who practice, whether continuously or occasionally, in Butler County, and of their clients," and particularly "to attorneys who practice at some remove (sic) from the court house, and to their clients who have the misfortune not to live or work near the County Seat." Thus, there is included in these allegations an unlimited number of attorneys and litigants who may not be residents of Butler County or members of the Butler County Bar Association. The suit is, therefore, brought only on behalf of a limited number of persons, sixty or more members of the association as stated in the complaint, although a larger number may have been harmed and may be benefited if a successful result is attained in the action.

However, this issue is not properly before us since this matter is before us on preliminary objections to the complaint and the pleadings are not closed. Pa.R.C.P. 1707 requires a hearing by the court in which the action is pending within thirty days after the pleadings are closed to make a determination of whether it is a class action. Such a hearing has not been held, because the complaint was dismissed by the lower court for other reasons. The fact that there has been no hearing for the determination of the question whether this is a class action disposes of issues (3), (4), and (6).

■ Finally issue number (5) questions the status of the Association as a party. Although the Association entered an appearance, regardless of the fact that it had not been served with the complaint or filed a petition to intervene,

the appellant, Claude V. Falkenhan, Esq., admits it was not his intention to include the Association, as such, but only its members individually. Even in a representation capacity acting for its members, the Association has not consented to being made a party, nor has it taken the necessary steps to become one. We, therefore, conclude that it is not a party to this action. This is in accord with the conclusion of Judge Cherry.

Because we find sufficient allegations to sustain the complaint, the order of the lower court is hereby reversed, the complaint is reinstated and the case remanded to the law side of the lower court. Appellant shall be given leave to amend his complaint so that it conforms to an action at law in mandamus. After the pleadings are closed, appellant shall petition for a hearing to determine whether this shall be considered a class action. Furthermore, the appellee shall be given leave to exercise his right to file preliminary objections to any amended complaint that may be filed or renew his objections as to conclusions, impertinent, and scandalous matter to the present one if no amendment is filed. It is further declared that the Butler County Bar Association is not a party to this action at this time.

Order of lower court reversed and remanded for further proceedings consistent with this opinion.

PRICE, J., concurs in the result.