528 A.2d 236

Patrick Lee CAVANAUGH, Individually and as Class Action Representative, Appellant,

v.

ALLEGHENY LUDLUM STEEL CORPORATION, Appellee,

v.

BETZ LABORATORIES, Appellee.

Superior Court of Pennsylvania.

Argued March 5, 1987.

Filed June 29, 1987.

Seymour Kurland, Philadelphia, for appellant.

Robert B. Sommer, Pittsburgh, for appellees.

Before CAVANAUGH, POPOVICH, and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal from an order denying class certification. The Plaintiff-Appellant contends that the lower court abused its discretion in denying a request for a continuance of the class certification hearing date. Further, the Plain-

tiff contends that the action should have been certified as a class action because sufficient evidence was presented to satisfy the class action requirements of the Pennsylvania Rules of Civil Procedure. After careful review, we conclude that the lower court erred in denying the request for a continuance of the certification hearing under the circumstances of the instant case, and will remand for further consideration by the lower court of whether or not a certification of the case as a class action is appropriate in light of prevailing law.

Briefly stated, the record indicates that in late December, 1985, public authorities advised consumers, including Plaintiff-Appellant Patrick Lee Cavanaugh, not to consume water supplied to their homes through the Tarentum and Brackenridge Water Plants. The warning was allegedly based upon a contamination of the water supply by a chemical known as "Slimicide". It was alleged in the Complaint that the Defendant-Appellee, Allegheny Ludlum Steel Corporation (hereinafter referred to as "Allegheny"), had discharged the Slimicide from its plant in Brackenridge, Allegheny County, Pennsylvania, into the Allegheny River near the public water intake pipes which led to the two water plants.

The Appellant's action was instituted as a class action on December 30, 1985, only a few days after the contamination warning. After Allegheny answered the Complaint, it joined Appellee Betz Laboratories, Inc. (hereinafter referred to as "Betz") as an Additional Defendant. It did so on the basis that Betz, as the manufacturer and seller of the Slimicide product, had breached expressed and implied warranties. Betz did not respond to the Complaint Against Additional Defendant as a result of an open-ended agreement for an extension of time between itself and Allegheny.

Following the filing of this action, the parties engaged in depositions and other discovery. *Inter alia*, the Plaintiff-Appellant served interrogatories and document requests upon both Allegheny and Betz, seeking information concerning the nature and properties of the chemicals allegedly

discharged, as well as the timing and the manner of the discharges. On May 7, 1986, prior to the completion of all discovery, the lower court, *sua sponte*, issued an order scheduling a hearing for May 23, 1986, concerning the question of whether or not the case should be certified as a class action.

In the days thereafter, the Appellant filed a Petition for Leave to Amend the Complaint, based upon the assertions that new counsel and the Appellant had learned facts which enabled them to formulate other theories of liability against both Allegheny and Betz. The Appellant also filed a notice of the taking of a deposition of a representative of the Pennsylvania Department of Environmental Resources, which had apparently analyzed various samples of the purportedly contaminated water. Further, the Plaintiff filed a Motion for a Continuance of the Class Certification Hearing Date. The continuance was sought on the following grounds: (1) the absence of the Plaintiff on active military reserve duty during much of the time just prior to the scheduled date for the class certification hearing would hamper preparation for the hearing; (2) the pleadings had not yet closed; (3) the Plaintiff desired to file an Amended Complaint which would purportedly clarify the issues raised; (4) the Plaintiff wanted responses to discovery requests, which were then overdue, for use at the certification hearing; and (5) the Plaintiff desired to take several depositions prior to the class certification hearing. Finally, the Plaintiff filed a Motion for Class Certification.

On May 23, 1986, the parties appeared before the lower court. The court granted the Plaintiff's request to amend its Complaint as to Allegheny. However, the court then denied the Plaintiff's motion for a continuance of the class certification hearing and directed the Plaintiff to proceed with his evidence.

The Plaintiff produced the testimony of various witnesses with respect to the contamination of the water supply by

the Slimicide, and the discharge of the same by Allegheny. During the course of the hearing, the Plaintiff sought to produce a portion of the deposition of a witness from the Pennsylvania Department of Environmental Resources. However, the lower court excluded such testimony on the grounds that the Defendants had not completed their cross-examination of that witness during the course of depositions which had only been partially completed due to the conflicting schedule of the witness.

At the conclusion of the hearing, the trial court denied the motion for class certification, essentially on the grounds that the Plaintiff had not proven that the water was contaminated, and therefore, had not demonstrated that he had a viable claim. The court stated that in order to make a determination of the existence of common questions of law in fact, and in order to determine whether such common questions predominate, it had to have evidence to show something wrong was done which rendered the water supply contaminated.[1] Thus, the lower court issued an Order denying the certification of the class, and transferred the case to arbitration to proceed as an individual action. The lower court issued another Order allowing the Plaintiff to amend his Complaint only as against Allegheny, but refusing it as to Betz. Allegheny was granted leave to amend its Complaint Against Additional Defendant, and the court noted that the motion to continue the class certification hearing was denied.

Class actions in our Commonwealth are, in significant part, guided by Pa.R.C.P. 1702, 1708 and 1709, which set forth the requirements and criteria for class certification. The appropriate interpretation of such rules and guidelines to be followed in our courts are explained in detail in a number of recent decisions. The Opinion in *Janicik v. Prudential Insurance Company of America*, 305 Pa.Su-

---

1. On the same grounds, in its Opinion in support of its Order, the lower court determined that the Plaintiff had failed to demonstrate the factors of typicality and predominance.

per. 120, 127, 451 A.2d 451, 454 (1982), which thoroughly discussed the governing concepts which apply to the instant case, stated the following:

A lower court's decision concerning class certification is a mixed finding of law and fact entitled to "appropriate deference" upon appeal. *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 235, 348 A.2d 734, 739 (1975), on remand, 241 Pa.Superior Ct. 192, 360 A.2d 681 (1976). "Trial courts are vested with broad discretion in determining definition of the class as based on commonality of the issues and the propriety of maintaining the action on behalf of the class". *Klemow v. Time, Inc.*, 466 Pa. 189, 197, 352 A.2d 12, 16 (1975). Accord, *Sharkus v. Blue Cross of Greater Philadelphia*, 494 Pa. 336, 342–43, 431 A.2d 883, 886 (1981); *ABC Sewer Cleaning Co. v. Bell of Pennsylvania*, 293 Pa.Superior Ct. 219, 225 n. 4, 438 A.2d 616, 619 n. 4 (1981). Consequently, a lower court's order concerning class certification will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion in applying them. See, e.g., *Sharkus v. Blue Cross of Greater Philadelphia, supra; Klemow v. Time, Inc., supra; Bell v. Beneficial Consumer Discount Co., supra.* See also *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir.1981).

Parties seeking certification have the burden of proof in a class certification proceeding. *Klemow v. Time, Inc., supra.* However, our courts do not require a strict burden of proof, but instead, observe the policy that decisions in favor of maintaining a class action should be liberally made. *Bell v. Beneficial Consumer Discount Co., supra.*

■ In essence, the burden on the class proponent is to establish the five requirements for class certification set forth in Pa.R.C.P. 1702: numerosity, common questions of law or fact, typicality, adequacy of representation, and fairness and efficiency. The class certification hearing is the time when the class proponent must present evidence of

the underlying facts from which the court can conclude that these requirements are met. See *Janicik v. Prudential Insurance Company of America, supra,* where it is also explained that because the five requirements are closely interrelated and overlapping, it is not necessary that the class proponent prove separate facts in support of each, but rather, the burden is to sufficiently establish those underlying facts from which the court can make the necessary conclusions and discretionary determinations. Well-pleaded class action allegations, if admitted by the class opponent, may be considered as evidence at the class certification hearing. Pa.R.C.P. 1706; *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa.Super. 441, 500 A.2d 1137 (1985).

Of particular relevance in the instant case, is the requirement of Pa.R.C.P. 1707 that the class certification hearing not take place until *after* the pleadings are closed or within thirty days after the last required pleading was due. Thus, we have held that a court may not make the initial class action determination until after the close of the pleadings to ensure that the class proponent is presenting a non-frivolous claim capable of surviving preliminary objections. *Janicik v. Prudential Insurance Company of America, supra;* see also *Falkenhan v. Wise,* 282 Pa.Super. 318, 422 A.2d 1135 (1980). Further, this approach is in harmony with the provisions of Pa.R.C.P. 1706 that well-pleaded class action allegations which are admitted may be considered as evidence at the class certification hearing.

It is also pertinent to address the issue of what consideration should be given to the *merits* of the class proponent's claim at the time of the class certification proceedings. In *Piltzer v. Independence Federal Savings & Loan Association of Philadelphia,* 456 Pa. 402, 405, 319 A.2d 677, 678 (1974), the court stated: "Whether a suit should proceed as a class action is independent of the question whether plaintiffs have stated a cause of action or whether they can prevail on the merits." See also *Pincus v. Mutual Assurance Company,* 457 Pa. 94, 321 A.2d 906 (1974). In noting

the requirement of Pa.R.C.P. 1707(c), that the class certification hearing "shall be limited to the Class Action Allegations", our Court has referred to the Explanatory Note to Rule 1707:

> The hearing is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy or with attacks on the other averments of the complaint. Its only purpose is to decide whether the action shall continue as a class action or as an action with individual parties only. In a sense, it is designed to decide who shall be the parties to the action and nothing more. *Viewed in this manner, it is clear that the merits of the action and the right of the plaintiff to recover are to be excluded from consideration.* (emphasis added)

*Miller v. Federal Kemper Insurance Company*, 352 Pa.Super. 581, 585, n. 3, 508 A.2d 1222, 1225, n. 3 (1986).

█ With all of these concepts in mind, we must examine the issues raised on appeal. First, we address the argument that the lower court abused its discretion in denying the Plaintiff-Appellant's request for a continuance of the class certification hearing date. As noted earlier, we find merit in this contention.

The record shows that a class certification was not requested by the Plaintiff in this case, but was instead set by the lower court, *sua sponte*, while the parties were still engaged in discovery. While denying the Plaintiff's request for a continuance, the lower court did allow the filing of an Amended Complaint. It did so at a time when Betz had not yet responded to the joinder Complaint of Allegheny.

There can be no question in these circumstances that the lower court held the certification hearing in this case before the close of all pleadings, and prior to "thirty (30) days after the last required pleading was due", in violation of Rule 1707. The Plaintiff's Amended Complaint had not yet been

filed, let alone answered. Allegheny's Amended Complaint had also not yet been filed.

■ The conclusion that the court held the certification hearing prematurely in this case is buttressed by the fact that the lower court essentially denied the class certification because Plaintiff had failed to establish evidence regarding whether or not the water was potable at the time of the incidents giving rise to the suit, as is discussed more fully later in this Opinion. The Plaintiff was engaged in discovery efforts, at that time of the certification hearing, clearly designed to disclose evidence on that very point. In such circumstances, the denial of a continuance of the certification hearing was an abuse of the discretion granted the lower court in such proceedings.

It is evident that the lower court's Order denying a continuance of the class certification hearing, and denying certification of the class, must be vacated, and the case remanded for further proceedings, including the opportunity for additional hearings on the question of class certification. The timing of such hearings must comply with Rule 1707. Moreover, the lower court should address the question of a hearing with the clear policy of our Commonwealth in mind that decisions in favor of maintaining a class action should be liberally made. To that end, and in harmony with Rule 1707(b), we note that court may postpone the hearing pending disposition of any other motions, or for the purpose of permitting discovery with respect to the appropriate class action issues.

■ Upon remand, it is also important that the lower court be cognizant of the merit we discern in the Appellant's second argument on this appeal. That contention relates to the lower court's finding that, in essence, the Plaintiff had not established all aspects of evidence necessary to prove its case on the merits against the Defendant-Appellees. Instead of focusing on the Plaintiff's obligation to establish the factors relevant to class certification, the lower court improperly examined the merits of the litigation

itself. In that regard, we find that the lower court erroneously equated the proof required to show a preponderance of common questions of fact or law, with the burden of proof required to prove liability. On the same grounds, the lower court also determined that there was an absence of typicality and predominance. See Pa.R.C.P. 1702(2), (3), and 1708(a)(1). It was obviously erroneous to reach such conclusions on the basis of the lower court's evaluation of the merits of the Plaintiff's claims.[2]

In further proceedings in this case, after remand, the lower court should reexamine the questions of commonality, typicality, and predominance, together with all other factors relevant to the question of whether or not the case should be certified as a class action. In doing so, the court should assure that the parties have had a fair opportunity to conclude the pleadings, and to engage in efficient discovery pertaining to the relevant issues.[3]

The Order of the lower court which denied a continuance of the class certification hearing and also denied class certification is hereby vacated, and the case is remanded for further proceedings consistent with this Opinion. Jurisdiction is not retained.

2. The lower court's Opinion also addresses the merits of some of the damage claims covered in the Plaintiff's *Amended* Complaint. Such an issue should not have been considered in the context of the class certification aspects of this litigation. Because we are vacating the lower court's Order denying certification, there is no need to review the correctness of the lower court's determination on that subject. We merely point out that such issue may only be the properly considered by the lower court at other stages of the litigation.

3. The lower court determined that the criteria of adequate representation, financial resources and the absence of a conflict of interest were met because no contrary evidence was produced to refute the allegations of same by the Plaintiff-Appellant. Further, the lower court found that the requirements of numerosity and manageability had been adequately established by the evidence presented at the certification hearing. However, we want to make clear that the parties are free to advance any position regarding any of the pertinent issues at future hearings before the lower court concerning the question of class certification, and the court is not bound by its initial, premature determinations.