533 A.2d 1382

**John RAUCH, Gerald Miklosh, Abbey Alan Kramer, On Behalf of Themselves and All Others Similarly Situated**

v.

**UNITED INSTRUMENTS, INC. and Tokyo Aircraft Instrument Co., Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Nov. 30, 1987.

James D. Crawford, Philadelphia, for appellants.

Arthur A. Wolk, Philadelphia, for appellees.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order certifying a class action governed by Pennsylvania law. The order being interlocutory, permission to appeal was granted to appellants by this court on September 15, 1986. Presented to us are two questions for review: (1) whether the motion for certification was untimely filed, and (2) whether the trial court erred in certifying a class when it failed to undertake an indepen-

dent analysis of the criteria necessary to certify a class action. Our resolution of these issues follows a review of the material facts.

On January 24, 1975, appellees commenced an action against appellants alleging that altimeters manufactured by appellant, Tokyo Aircraft Instrument Company, and distributed by appellant, United Instruments, Inc., were defective. By a directive issued by the Federal Aviation Administration (FAA), appellants were required to replace or repair the altimeters to conform to FAA regulations. The cost for removal, repair and reinstallation of each altimeter was approximately $75.00. Appellees' complaint alleged causes of action in strict tort liability, negligence, breach of the implied warranties of merchantability and fitness for a particular purpose, and fraud.

Appellees had at the same time filed a similar action in the United States District Court for the Eastern District of Pennsylvania. This action was eventually dismissed on December 30, 1976 by the United States Court of Appeals for the Third Circuit on the ground that the Federal Aviation Act did not confer a private right of action for damages on the part of appellees and that the matter was one ordinarily of state concern and therefore governed by state law. *See Rauch v. United Instruments, Inc.*, 548 F.2d 452 (3rd Cir.1976) *rev'g* 405 F.Supp. 435 (E.D.Pa.1975).

Subsequently, appellees filed an amended complaint in our state lower court on March 17, 1977 which contained class action allegations and a request for punitive damages in addition to their other claims for relief. Appellants' answer and new matter were filed on July 13, 1978 and the pleadings were closed on August 14, 1978. With the exception of two depositions taken in October, 1978, appellees took no discovery until July, 1982. During this period, appellants' key witness—the vice president of United Instruments who was directly involved in the incidents giving rise to this action—died in June, 1979.

On August 19, 1982, appellants filed a petition for non pros citing appellees' failure to prosecute their claims, the

loss of appellants' principal witness during this period of inaction, and appellees' noncompliance with Pennsylvania Rule of Civil Procedure 1707(a) which requires that a motion for class certification be filed within thirty (30) days of the close of the pleadings. Shortly thereafter, appellees filed a motion for class certification on August 23, 1982 requesting the certification of a national class composed of 74,010 persons owning altimeters manufactured and distributed by appellants that had been serviced pursuant to the FAA directive.

The trial court, on October 2, 1985, denied appellants' petition for non pros. Following a certification hearing, the trial court certified a Pennsylvania class, rather than a national class, on the grounds that a national class was impractical because of the impossibility under conflict of laws principles of determining the applicable state law for each of the 74,010 parties. We granted appellants permission to appeal this determination and turn now to a review of the questions before us.

"The class action was an invention of equity ... mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs." *Montgomery Ward & Co. v. Langer*, 168 F.2d 182, 187 (8th Cir.1948). As to our standard of review of a class certification order, we stated in *Cavanaugh v. Allegheny Ludlum Steel Corp.*, 364 Pa.Super. 437, 528 A.2d 236 (1987), the following principles:

A lower court's decision concerning class certification is a mixed finding of law and fact entitled to "appropriate deference" upon appeal. *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 235, 348 A.2d 734, 739 (1975), on remand, 241 Pa.Superior Ct. 192, 360 A.2d 681 (1976). "Trial courts are vested with broad discretion in determining definition of the class as based on commonality of the issues and the propriety of maintaining the action on behalf of the class." *Klemow v. Time, Inc.*, 466 Pa. 189,

197, 352 A.2d 12, 16 (1975). Accord, *Sharkus v. Blue Cross of Greater Philadelphia,* 494 Pa. 336, 342–43, 431 A.2d 883, 886 (1981); *ABC Sewer Cleaning Co. v. Bell of Pennsylvania,* 293 Pa.Superior Ct. 219, 225 n. 4, 438 A.2d 616, 619 n. 4 (1981). Consequently, a lower court's order concerning class certification will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion in applying them. See, e.g., *Sharkus v. Blue Cross of Greater Philadelphia, supra; Klemow v. Time, Inc., supra; Bell v. Beneficial Consumer Discount Co., supra.* See also *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030 (5th Cir.1981).

*Id.,* 364 Pa.Superior Ct. at 442, 528 A.2d at 238 (quoting *Janicik v. Prudential Ins. Co. of America,* 305 Pa.Super. 120, 127, 451 A.2d 451, 454 (1982)).

Appellants first contend that the trial court erred in failing to consider appellees' motion for class certification as untimely. Pennsylvania Rule of Civil Procedure 1707(a) provides:

Within thirty (30) days after the pleadings are closed or within thirty (30) days after the last required pleading was due, the plaintiff shall move that the action be certified as a class action. The court may extend the time for cause shown. If the plaintiff fails to move for certification, the court if so notified shall promptly set a date for a certification hearing.

Pa.R.C.P. No. 1707(a), 42 Pa.C.S.A. Appellants point out that it was four years from August 14, 1978, the date on which the pleadings were closed, until August 23, 1982, the date on which appellees filed their motion for class certification. Additionally, appellants note that appellees did not move for an extension of time for cause shown, as Rule 1707(a) requires and that as a consequence of the four-year delay, appellants were prejudiced by the death of their principal witness. In response to this argument, the trial court stated only that "in the interests of justice this Court is not deciding that issue...."

■ While we believe that the trial court should have addressed appellants' assertion, we do not find that the lower court's failure to do so is dispositive of this case. Appellees' amended complaint, filed January 21, 1977, in compliance with Pa.R.C.P. No. 1704(b), 42 Pa.C.S.A.,[1] contained a separate heading, styled "CLASS ACTION ALLEGATIONS" as well as averments of fact in support of the propriety of a class action. We conclude that the inclusion of a separate heading and the averments asserting the right to proceed as a class action was sufficient to place the trial court on notice that appellees intended to pursue a class action. Rule 1707(a) specifically places an equal and affirmative burden on both the appellee and the court to schedule a certification hearing by providing: "If the plaintiff fails to move for certification, the court *if so notified* shall promptly set a date for a certification hearing." Pa.R.C.P. No. 1707(a), 42 Pa.C.S.A. Because the trial court did not set a date for a certification hearing and appellees failed to so move, we will not penalize appellees for their untimeliness by dismissing the order in question on that basis.

Appellants next contend that the trial court erred by failing to independently analyze and determine that a Pennsylvania class should have been certified. Rule 1702 specifies that prerequisites to the maintenance of a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if
>
> (1) the class is so numerous that joinder of all members is impracticable;

1. Rule 1704 provides:
   **Rule 1704. Form of the Complaint**
   (a) The complaint shall include in its caption the designation "Class Action".
   (b) The complaint shall contain under a separate heading, styled "Class Action Allegations", averments of fact in support of the prerequisites of Rule 1702 and the criteria specified in Rules 1708 and 1709 on which the plaintiff relies.
   (c) The plaintiff may join in the complaint claims or equitable, declaratory and monetary relief arising out of the same transaction or occurrence or series of transactions or occurrences.
   Pa.R.C.P. No. 1704, 42 Pa.C.S.A.

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. No. 1702, 42 Pa.C.S.A.[2] *See Janicik v. Prudential Ins. Co. of America*, 305 Pa.Super. 120, 127, 451 A.2d 451, 454 (1982) (courts must "consider the requirements of the rules" before certification of a class action). Following the certification hearing, the court must explicitly analyze in a written opinion the rationale for its decision to certify or not certify a class action:

**Rule 1710. Order Certifying or Refusing to Certify a Class Action. Revocation. Amendment. Findings and Conclusions**

(a) In certifying, refusing to certify or revoking a certification of a class action, the court shall set forth in an opinion accompanying the order the reasons for its decision on the matters specified in Rules 1702, 1708 and 1709, including findings of fact, conclusions of law and appropriate discussion.

Pa.R.C.P. No. 1710(a), 42 Pa.C.S.A.[3]

■ In the instant case, the trial court fully reviewed and discussed the criteria of Rule 1702 with respect to appellees'

---

**2.** Although appellees' amended complaint was filed before September 1, 1977, the effective date of Pa.R.C.P. Nos. 1701–1716, 42 Pa.C.S.A., which govern class actions, we find that this action is subject to those rules as appellees' motion for certification was filed when Rules 1701–1716 were in effect.

**3.** Rule 1702 makes reference to Pa.R.C.P. No. 1708, 42 Pa.C.S.A., which sets forth considerations relevant to a determination that a class action would be a fair and efficient method of adjudication, and Pa.R.C.P. No. 1709, 42 Pa.C.S.A., which lists those factors necessary to determine whether the class representatives will fairly and efficiently assert and protect the interests of the class.

motion for certification of a national class and set forth its reasons for refusing to certify such a class in compliance with Rule 1710(a). The trial court did not, however, comply with Rule 1710(a) when it summarily concluded "that it is appropriate to certify a class whose claims will be governed 'exclusively' by Pennsylvania Law." No independent analysis or discussion of the factors enumerated in Rule 1702 were included by the trial court in its opinion to support its decision to certify a Pennsylvania class. Compliance with Rule 1710(a) is essential as an order certifying or refusing to certify a class is considered final and appealable. *See Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975); Pa.R.C.P. No. 1710 explanatory note, 42 Pa.C.S.A.

We find that the trial court erred in failing to comply with Rule 1710(a). Accordingly, we remand this case to the trial court for an independent discussion of the reasons which support its certification of a Pennsylvania class.

Jurisdiction relinquished.