J-A23033-21

2021 PA Super 220

| IRS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLUE MOUNTAIN MINISTRY INC., | : | |
| BLUE MOUNTAIN MINISTRY LLC, | : | |
| AND JOHN M. KISTLER, JR. | : | No. 1514 MDA 2020 |
| | : | |
| | : | |
| APPEAL OF: JOHN M. KISTLER, JR. | : | |

Appeal from the Order Entered November 5, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2020-02141

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED NOVEMBER 09, 2021**

John M. Kistler, Jr. ("Kistler") files this *pro se* appeal from the order entered by the Court of Common Pleas of Luzerne County denying Kistler's "Motion to Open Judgment *Nunc Pro Tunc*."  After careful review, we affirm in part, but remand for the Prothonotary to correct the patent error in its filed documents to accurately reflect notice of entry of the federal tax lien.

On February 19, 2020, the Internal Revenue Service (IRS) filed a Notice of a Federal Tax Lien in Luzerne County against Blue Mountain Ministry Inc. a.k.a. Blue Mountain Ministry, LLC as nominee of John M. Kistler, Jr. for unpaid taxes for the calendar years 2008 through 2012 in the amount of $74,488.91. This filing included an attachment which described four parcels of real property against which the lien was to attach.

_____

[*] Former Justice specially assigned to the Superior Court.

On the same day, the Luzerne County Prothonotary filed three documents indicating that a "notice of entry of *judgment* has been filed in this office ... by [the] IRS ... in the amount of $74,488.91" against Kistler and the two Blue Mountain Ministry defendants. Luzerne Co. Prothonotary filing, 2/19/20, at 1 (emphasis added).[1]

On February 20, 2020, the IRS served a copy of the Notice of Levy on Fidelity Deposit and Discount Bank (FDDB), where Kistler had several accounts, and that same day, FDDB held $290.18 from two of Kistler's accounts. In doing so, FDDB notified Kistler through written correspondence of the hold and indicated that said funds would be submitted to the IRS if Kistler did not file a Release of Levy within twenty-one days. On March 11, 2020, FDDB's counsel sent Kistler notice that FDDB would submit his funds to the IRS as it had not received a Release of Levy.

On the same date, March 11, 2020, Kistler filed a document in Luzerne County entitled "Notice to the Court: Let it be Known that a Fraud upon the Court was presented by the IRS by alleged Agent James Smith in the above

---

[1] The Prothonotary's notices also contained the following language that distinguished between liens and judgments:

> This office does not collect or forward the debt(s) involved in the various actions, liens, or judgments recorded in this office. It is your responsibility to contact that proper individual agency, authority, etc. to whom the debt is owed and then settle your account with them. They will in return send us a satisfaction piece which we will enter of record and thus satisfy your matter in this office.

Recorded document, 2/19/20, 1.

captioned docket number this Alleged Debte [sic] is Disputed by the Counter Plaintiffs" (hereinafter "First Response").

In this filing, Kistler argued, *inter alia*, that the IRS is not part of the federal government or a legitimate governmental entity but is instead a "for profit Delaware corporation" that is a mere debt collector. As such, Kistler denied that he was protesting a tax but claimed to be disputing a debt and a fraud perpetrated against him by James Smith, the IRS agent listed on the notice of the federal tax lien, who Kistler suggested was a fictitious person.

On April 16, 2020, Kistler filed a second document (hereinafter "Second Response") in which he raised nearly identical claims to the First Response, but sought subpoenas for Smith, Charles Gettig (IRS Commissioner), and Mary Blasi (employee of FDDB), whom Kistler deemed to be an indispensable party to the litigation. In addition, Kistler included multiple attachments to both the First and Second Responses and sought damages in the amount of $1,819,000.00 for having to answer claims or defend himself.

Blasi and FDDB (hereinafter "Blasi") filed preliminary objections and motions to strike Kistler's First and Second Responses, on April 17, 2020 and May 19, 2020, respectively. Blasi argued primarily that Kistler's Responses failed to conform to law or rule of court or included scandalous matter pursuant to Pa.R.C.P. 1028(a)(2). Blasi also argued that Kistler had not properly commenced an action pursuant to Pa.R.C.P. 1007 by filing a complaint or a *praecipe* for a writ of summons.

In addition, Blasi and FDDB asserted that Kistler's filings do not allege any essential elements to support legal claims, but instead contain "irrelevant, impertinent, and scandalous" allegations and numerous attachments that were not comprehensible. Moreover, Blasi and FDDB contended that Kistler was required to file a Motion to Strike and/or Open the Judgment if he intended to challenge the entry of judgment.

On July 9, 2020, Kistler filed a Motion to Open the Judgment *nunc pro tunc*. Again, Kistler challenged the federal tax lien which he characterized as a fraudulent action of the IRS and the agent who signed the notice of federal tax lien against Kistler. Kistler contended that the IRS had no power to issue a lien or levy against him without a court order signed by a federal judge. Kistler also claimed that the IRS is not part of the federal government and that Agent Smith was using a fictitious name to conceal his true identity.

On August 11, 2020, Blasi filed a response to Kistler's Motion to Open Judgment *nunc pro tunc*. As a result of the judicial emergency caused by the COVID-19 pandemic, argument was not scheduled in this matter until September 28, 2020.

On November 4, 2020, the trial court filed two orders, quashing the subpoena issued against Blasi, sustaining Blasi's preliminary objection as to both the First and Second Response for Kistler's failure to comply with Pa.R.A.P. 1028(a), and striking the First and Second Response. On November 5, 2020, the trial court filed an order denying Kistler's "Motion to Open Judgment *nunc pro tunc*."

Kistler filed a timely appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he raised the following issues for review:

1. A bare "Notice of Lien" is nowhere defined by the law, and is a legal nullity. It is not a "lien" recognized by law because there is no judgment which attaches to it, and the Luzerne County lien docket is a nullity.

2. Agent James Smith, aka John Doe, IRS ID No. actor/agent no: 1000212391 has failed to supply any legal or lawful documentary proof of claim which would have been either a signed and notarized IRS form 4490 signed by himself, which has been requested on multiple occasions by the counter complainant John Michael Jr. of the family Kistler using US Mail Certified Mail and even Registered mail, or a copy of a Federal Court Order signed by a Federal Judge showing the date and case number which would have listed John Michael Jr. of the family Kistler, Blue Mountain Ministry, Inc. and Fidelity Bank as defendants in a suit filed in Federal Court in Philadelphia which would have had jurisdiction over this Tax Case and reduced a "Notice of Lien" or a "Notice of Levy" to a Judgment.

3. Agent Smith failed to call in to the administrative hearing at the designated time and date set [by] Judge Hughes and the Luzerne County Court Administration Office to be cross examined or to provide oral testimony under oath, and this constitutes a default by which Petition should have prevailed on his claim to strike the lien.

4. Mr. Charles P. Rettig, Commissioner of the Internal Revenue Service is ultimately the person in change of controlling the behavior of agents and did not appear on the call as the complainant to defend the "Notice of Lien" filed by agent James Smith, aka John Doe, and this constitutes a default by which Petitioner should have prevailed on his claim to strike the lien.

5. Additionally the responsibility for collection of a judgment rests with the Department of Justice (DOJ) or the U.S. Attorney and not with the agent using false and misleading documents which confuse people ignorant of the Tax Code and Tax Laws as well as Judicial Proceeding and Due process.

6. Ms. Mary Blais [sic] and Fidelity Bank failed to use due diligence as requested by Mr. Kistler and request either a notarized form 4490 from Agent Smith or to secure a copy of a Court Order signed and date by a Federal Judge denoting that Fidelity Bank along with Mr. Kistler and Blue Mountain Ministry Inc. were sued in Federal Court in conjunction with the alleged tax matter which did not happen therefore both Ms. Blasi and Fidelity Bank erred using assumptions and presumptions of law which resulted in a "Breach of Contract and Breach of Fiduciary Responsibility" to the alleged debtor.

Concise Statement, at 1-3.[2]

In its Pa.R.A.P. 1925(a) opinion, the trial court indicated that it had dismissed Kistler's filings on procedural grounds. The trial court first noted that Kistler did not take the necessary procedural steps to commence an action in the Court of Common Pleas of Luzerne County by filing a *praecipe* for a writ of summons or a complaint pursuant to Pa.R.C.P. 1007. Second, the trial court found that Kistler had not properly filed a timely Motion to Open/Strike a Judgment under Pa.R.C.P. 237.3.

As an initial matter, we point out that the Prothonotary, parties, and the trial court proceeded in this matter as though the IRS had obtained a *judgment* against Kistler. However, the IRS did not obtain a judgment against Kistler, but simply issued notice of a federal tax *lien* which it is attempting to enforce.

---

[2] As the IRS is a federal entity, rather than a Pennsylvania entity, jurisdiction over the appeal does not lie in the Commonwealth Court. **See** 42 Pa.C.S.A. § 762 (enumerating categories of appeals form trial court orders over which the Commonwealth Court has exclusive jurisdiction). This Court has "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S.A. § 742.

The Prothonotary was required to record notice of this lien against real property in Luzerne County owned by Kistler or the Blue Mountain Ministry defendants. **See** 74 P.S. § 157-3(b) (explaining that "[n]otices of liens upon real property for obligations payable to the United States and certificates and notices affecting the liens shall be filed in the office of the prothonotary of the county in which the real property subject to the liens is situated").

As the Prothonotary incorrectly recorded the notice of a federal tax lien by the IRS as a judgment entered against Kistler, the trial court should not have dismissed Kistler's motion on the basis that he failed to file a timely motion to open/strike a judgment. **See Com., Dep't of Revenue, Bureau of Sales & Use Tax v. Street**, 474 A.2d 718, 720 (Pa.Cmwlth. 1984) (equitable principles governing petitions to open judgment do not apply to a taxpayer's challenge of a tax lien, as "there is no judgment to open").[3]

Instead, the trial court should have directed the Prothonotary to correct this patent mistake. Our courts have recognized that trial courts retain inherent jurisdiction to correct clerical errors or a patent or obvious mistake. **Commonwealth v. Borrin**, 622 Pa. 422, 436, 80 A.3d 1219, 1227 (2013) (citations omitted). "The term 'clerical error' has been long used by our courts to describe an omission or a statement in the record or an order shown to be

---

[3] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Ruff v. York Hosp.**, 257 A.3d 43, 60 n.7 (Pa.Super. 2021) (quoting **Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010)).

inconsistent with what in fact occurred in a case, and, thus, subject to repair."
*Id*. As the Prothonotary's order recording notice of the entry of judgment is inconsistent with the IRS's notice of a federal tax lien, this error may be corrected upon remand.

However, even assuming that the Prothonotary had correctly recorded the notice of a federal tax lien, Kistler was not entitled to relief on the merits of his petition as the lower court was not the appropriate forum in which to challenge the federal tax lien. Kistler's claims in his petition and concise statement are limited to challenging the IRS's actions in issuing the Notice of a Federal Tax Lien and the Notice to Levy as well as Blasi's action in complying with the Notice of Levy in surrendering the funds in Kistler's bank accounts at FDDB. Kistler questions whether the IRS had authority to issue the lien and the levy without a federal court order and whether the IRS complied with proper procedure in issuing the lien and levy.

The Supreme Court of the United States has recognized that:

[t]he Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. "A federal tax lien, however, is not self-executing," and the IRS must take "[a]ffirmative action ... to enforce collection of the unpaid taxes." *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). One of its "principal tools," *ibid.,* is a levy, which is a "legally sanctioned seizure and sale of property," Black's Law Dictionary 926 (8th ed.2004); see also § 6331(b) ("The term 'levy' as used in this title includes the power of distraint and seizure by any means").

***EC Term of Years Tr. v. United States***, 550 U.S. 429, 430–31, 127 S. Ct. 1763, 1765, 167 L. Ed. 2d 729 (2007).

Our federal and state courts have reiterated that "the right of the federal government to place a lien on a delinquent taxpayer's property is governed by federal law, independent of state law." ***Sollenberger v. Lee***, 925 A.2d 883, 884 (Pa.Cmwlth. 2007) (citing ***United States v. Union Central Life Insurance Company***, 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961) (stating that the subject of federal taxes, including remedies for their collection, has always been conceded to be independent of state law)).

State courts do not have jurisdiction to strike the notice of a federal tax lien, as such an issue is a federal matter with a right to administrative appeal under Section 6326 of the Internal Revenue Code, which provides that:

> [i]n such form and at such time as the Secretary shall prescribe by regulations, any person shall be allowed to appeal to the Secretary after the filing of a notice of a lien under this subchapter on the property or the rights to property of such person for a release of such lien alleging an error in the filing of the notice of such lien.

26 U.S.C. § 6326. ***See also*** 26 U.S.C. § 6320 (outlining procedure that a taxpayer must follow to seek a hearing before the IRS Independent Office of Appeals to challenge filing of notice of a tax lien). In ***Sollenberger***, the Commonwealth Court held that a lower court prothonotary does not have the discretion to refuse to enter in the public records a notice of federal tax lien issued by the IRS so long as the documents are proper on their face and in conformity to rules of court. ***Sollenberger***, 925 A.2d at 884.

The record reflects that Kistler failed to follow the procedure set forth in the Internal Revenue Code to challenge the notice of the federal tax lien and failed to develop a claim that the IRS's notice of a federal tax lien is not proper on its face or in conformity to rules of court.

As Kistler failed to pursue this administrative remedy, he cannot now challenge the validity of the lien in state court when he was required to do so in a different forum.  **See id.** at 884 n. 2-3 (finding claim that federal officials erroneously issued notice of a federal tax lien did not give taxpayer a remedy against a Pennsylvania trial court prothonotary for recording an allegedly erroneous tax lien); **Street**, 474 A.2d at 721 (finding taxpayer's challenge to a tax lien was an impermissible collateral attack on the validity of the assessment after he failed to pursue administrative remedies).

As such, we affirm in part the denial of Appellant's "Motion to Open Judgment *Nunc Pro Tunc*," but remand for the Prothonotary to correct its filing to reflect notice of the federal tax lien.

Order affirmed in part.[4]  Remand for Prothonotary to correct its filing to reflect notice of federal tax lien in accordance with this decision.  Jurisdiction relinquished.

---

[4] During the pendency of this appeal, Appellant filed a "Motion for Summary Relief and Void Judgment" in which he alleges that the IRS has filed a civil action against him in the U.S. District Court for the Middle District of Pennsylvania, seeking to obtain a judgment on the tax lien.  However, the substance of Appellant's motion again improperly challenges the validity of the federal tax lien.  For the reasons set forth above, we deny this motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2021