IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of 6104 Adan, Inc.          :
                                          :
From decision of                          :    No. 468 C.D. 2022
Pennsylvania Liquor Control Board         :
                                          :    Submitted: May 19, 2023
Appeal of: 6104 Adan, Inc.                :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: July 26, 2023


In this case, 6104 Adan, Inc. (Licensee) appeals from the March 31, 2022 order of the Court of Common Pleas of Philadelphia County (trial court) that denied Licensee's appeal from the June 3, 2021 order and decision of the Pennsylvania Liquor Control Board (Board). The Board denied Licensee's application to renew its liquor license. Upon review, we affirm.

## I.    Facts and Procedural History

Licensee is a small delicatessen business located at 6104 Lansdowne Avenue, Philadelphia, Pennsylvania, and is the holder of restaurant liquor license No. R-843. On July 31, 2018, Licensee filed an application to renew its license for the period effective November 1, 2018.[1] (Reproduced Record (R.R.) at 139a.) By letter

---

[1] Restaurant liquor licenses cover a two-year period. 40 Pa. Code § 3.2(a). Renewal applications are to be filed every two years. Section 470 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4-470.

dated October 19, 2018, the Board's Bureau of Licensing conditionally approved the application but preserved objections it could raise regarding the renewal of the license based on Licensee's numerous prior adjudicated violations[2] of the Liquor Code and a pending resolution violation.[3] (R.R. at 101a.)

After the pending resolution citation number 18-0276 was sustained by the Administrative Law Judge (ALJ) by order dated September 11, 2019, the Board notified Licensee by letter that it objected to the renewal of Licensee's liquor license for the licensing period beginning November 1, 2018, based on: (1) abuse of licensing privilege due to violations of the Liquor Code relative to citation numbers 19-0057[4], 18-0276, 07-1700, 07-0262, 06-2478, 06-0928, 05-2732, 05-2313, and 05-2090); (2) failure to operate as a bona fide restaurant pursuant to Section 102 of the Liquor Code (47 P.S. § 1-102) by not having a serving area of at least 400 square feet, which resulted in a suspension; (3) failure to operate as a bona fide restaurant pursuant to Section 102 of the Liquor Code (47 P.S. § 1-102) by not having sufficient seating and a valid health license, which resulted in a suspension; and (4) two principals of the business not being responsible persons or of good repute and/or were persons of ill repute pursuant to Sections 102 and 470 of the Liquor Code (failure to operate as a bona fide restaurant pursuant to Section 102 of the Liquor Code) (47 P.S. §§ 1-102 and 4-470). (R.R. at

---

[2] Citation number 05-2090, issued by the Pennsylvania State Police, Bureau of Liquor Control Enforcement ("BLCE"), and adjudicated by an Administrative Law Judge (ALJ) on September 7, 2005, was for insufficient seating in violation of Section 102 of the Liquor Code. (R.R. at 67a.) Citation number 05-2313, issued on October 5, 2005, was for insufficient seating in violation of Section 102 of the Liquor Code. (R.R. at 71a.) Citation number 07-1700, issued on August 7, 2007, was for insufficient seating in violation of Section 102 of the Liquor Code. (R.R. at 82a.)

[3] Citation number 18-0276 issued on March 6, 2018, was for insufficient square footage for serving area in violation of Section 102 of the Liquor Code. (R.R. at 85a.)

[4] Citation number 19-0057 issued on January 22, 2019, was for insufficient seating in violation of Section 102 of the Liquor Code; and for operating without a valid health license in violation of Section 437 of the Liquor Code, 47 P.S. § 4-437.

104a.) The Board granted temporary authority for Licensee to continue operating prior to the scheduling of a hearing. (R.R. at 105a.) On February 6, 2020, the Board mailed an amended objection letter, which amended the citation used to establish the alleged abuse of licensing privilege, specifically removing previously dismissed citations numbers 07-0262, 06-2478, 06-0928. (R.R. at 107a.) On September 22, 2020, the Board mailed an amended objection letter, amending the citation numbers used to establish the alleged abuse of licensing privileges by adding citation number 19-0426.[5] (R.R. at 112a.)

On December 1, 2020, the Board's hearing examiner held an administrative hearing via video conference on the issue of Licensee's license renewal. As evidence of Licensee's history of violating the Liquor Code, the Board submitted six citations issued by the Pennsylvania State Police, BLCE and adjudicated by the ALJ against Licensee. (R.R. at 6a, 66a-91a, 289a-92a.) Based upon its review of the record from the hearing, by order dated June 3, 2021, the Board refused Licensee's application for renewal liquor license and rescinded Licensee's temporary authority to operate. (R.R. at 154a.) Licensee appealed to the trial court, which held a trial *de novo*. By opinion and order entered March 31, 2022, the trial court denied Licensee's appeal. (R.R. at 214a.) The trial court concluded that Licensee's history of citations and delay of permanent correction of violations demonstrated a pattern of activity. (Trial court op. at 10.) By order dated April 22, 2022, the trial court denied Licensee's Motion for Reconsideration. (R.R. at 229a.)

---

[5] Citation number 19-0426 issued on March 19, 2019, was for failure to have the Board-approved manager complete Responsible Alcohol Manager Program (RAMP) training within 180 days in violation of Section 471.1 of the Liquor Code, added by the Act of December 20, 2000, P.L. 992, 47 P.S. § 4-471.1(g).

3

## II.     Discussion

On appeal,[6] Licensee raises two issues.  First, Licensee argues that the trial court abused its discretion by considering evidence submitted by the Board more than three weeks after the conclusion of the *de novo* trial.  Second, it argues that the trial court's findings of fact were not supported by substantial evidence.

## A. Evidence admitted after the *de novo* trial

Licensee first contends that the trial court erred in considering the Board's evidence that was not admitted into the trial record and granting the Board's post-trial motion to admit the evidence.  Specifically, Licensee argues that the trial court considered an adjudication of citation number 19-0426 in its decision even though that citation was not introduced as an exhibit at the administrative hearing.

The Board counters by arguing that Licensee's contention that the trial court considered evidence outside the record is belied by the record.  It acknowledges that citation number 19-0426 was inadvertently excluded from the record of the administrative proceedings that was initially filed in the trial court.  However, it maintains that the record is replete with references to citation number 19-0426 in both the administrative hearing and the *de novo* trial transcripts.  Specifically, the Board has

---

[6] A trial court reviewing a Board decision not to renew a liquor license hears the matter *de novo*, and may sustain, alter, modify, or amend the Board's order even when it is based upon the same evidence presented before the Board.  *See* Section 464 of the Liquor Code, 47 P.S. § 4-464; *U.S.A. Deli, Inc. v. Pennsylvania Liquor Control Board*, 909 A.2d 24 (Pa. Cmwlth. 2006).  Our review in a liquor license renewal case is limited to a determination of whether the trial court's findings of fact are supported by substantial evidence, whether it abused its discretion, or whether it committed an error of law.  *First Ward Republican Club of Philadelphia v. Pennsylvania Liquor Control Board*, 11 A.3d 38, 43 n.9 (Pa. Cmwlth. 2010); *see also Domusimplicis, LLC v. Pennsylvania Liquor Control Board*, 202 A.3d 836, 840 n.7 (Pa. Cmwlth. 2019) ("Where a trial court heard a liquor license matter *de novo*, our review is limited to determining whether there is substantial evidence to support the trial court's findings or whether the trial court committed an error of law or abused its discretion.").

provided the Court with citations to the reproduced record which demonstrate the following:

By letter dated September 22, 2020, the Board amended its objections to include citation number 19-0426. (R.R. at 112a.) Upon realizing that citation number 19-0426 was not included in the packet of exhibits originally provided to the hearing participants in advance of the administrative hearing, the Board's counsel forwarded a new packet that included citation number 19-0426 via email to all hearing participants, including Licensee's counsel, prior to the start of the hearing on December 1, 2020. (R.R. at 260a.) At the administrative hearing on December 1, 2020, the Board's counsel identified its exhibit as containing *six* total citations, not five. (R.R. at 6a.) Later in the proceedings, the Board's counsel again referenced citation number 19-0426 during his closing argument. (R.R. at 60a.) The hearing examiner's recommended opinion contains multiple references and a brief discussion of citation number 19-0426, further proving that the adjudication was included in the evidence presented on behalf of the Board at the administrative hearing. (R.R. at 141a, 149a, 151a.) Finally, the Board points out that the hearing examiner also considered citation number 19-0426, as reflected in its opinion filed in connection with the *de novo* appeal, proving once again that it was included in the record from the administrative hearing. (R.R. at 161a-63a, 170a-71a.) Therefore, the Board asserts, Licensee's assertion that the Board's exhibit at the administrative hearing did not include any adjudication for citation number 19-0426 is demonstrably false.

The Board further argues that during the *de novo* proceedings before the trial court, the Board's counsel repeatedly referenced citation number 19-0246, to which Licensee's counsel did not object. (R.R. at 211a.) And, upon learning of the

inadvertent omission, the Board took immediate action to point this out to the trial court to correct the record.

We agree with the Board that the trial court was well within its authority to rely on citation number 19-0426 in reaching its decision even though the actual citation was not included in the administrative record filed in the trial court. It is firmly established that a trial court may exercise its inherent power to correct errors in its records or orders, so they speak "the truth," and thereby reflect what actually took place in judicial proceedings. *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013); *see also Commonwealth v. Rusic*, 79 A. 140, 141 (Pa. 1911) (acknowledging a trial court's inherent authority to amend its record so as to make it conform to the truth); *Commonwealth v. Holmes*, 933 A.2d 57, 65-67 (Pa. 2007) (holding that trial courts have the inherent power to correct mistakes that are patent and emerge upon consideration of the record).

The term "clerical error" has been long used by our courts to describe an omission or a statement in the record or an order shown to be inconsistent with what in fact occurred in a case, and, thus, subject to repair. *See, e.g.*, *Commonwealth v. Silcox*, 29 A. 105, 106 (Pa. 1894) (upholding the trial court's direction to correct a "clerical" omission and amend the record to state that the defendant was present at every stage of the proceedings). The court's inherent ability to correct errors applies equally to criminal and civil cases. *See, e.g.*, *IRS v. Blue Mountain Ministry Inc*., 265 A.3d 824 (Pa. Super. 2021).[7]

---

7 Although Superior Court cases are not binding on this Court, such cases may offer persuasive value where they address analogous issues. *Commonwealth v. Monsanto Co*., 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021). The Superior Court case cited herein is relied on for its persuasive value.

Here, the trial court properly exercised its inherent power to correct the record so that it accurately reflected the evidence considered by the Board, whose findings of fact the trial court adopted.[8] Citation number 19-0426 was not admitted as new evidence, but rather as a correction to the incomplete record of the hearing. The trial court did not err in admitting evidence after conclusion of the hearing because the admittance was allowed as a correction of clerical error.

## B. Substantial Evidence

Licensee also contends that the trial court's findings of fact were not supported by substantial evidence. The trial court based its decision on prior citations that occurred and were previously adjudicated by the Board dating as far back as 2007. The trial court held that the history of citations in conjunction with Licensee's delay in taking permanent corrective measures established a pattern of behavior.

We agree with the Board that trial court's reliance on Licensee's prior citations was substantial evidence which supported the Board's denial of Licensee's appeal. Renewal of a liquor license is not an automatic procedure. *U.S.A. Deli, Inc. v. Pennsylvania Liquor Control Board*, 909 A.2d. 24 (Pa. Cmwlth. 2006). "A licensee is strictly liable for violation of the . . . [Liquor] Code and the Board's regulations." *BCLT, Inc. v. Pennsylvania Liquor Control Board*, 120 A.3d 1069, 1076 (Pa. Cmwlth. 2015).

---

[8] The Board argues that to the extent that any error occurred, the error was harmless and did not constitute reversible error. We agree. "To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining." *Hart v. W.H. Stewart, Inc*., 564 A.2d 1250, 1252 (Pa. 1989) (plurality) (citations omitted). Here, Licensee has not explained how it was prejudiced by the omission of evidence that only further demonstrates its noncompliance with the Liquor Code. Therefore, this claim of error must also fail for this reason as well.

Section 470(a.1) of the Liquor Code[9] provides:

(a.1) The Director of the Bureau of Licensing may object to and the board may refuse a properly filed license application:

(1) if the licensee, its shareholders, directors, officers, association members, servants, agents or employees have violated any of the laws of this Commonwealth or any of the regulations of the [the Board];

(2) if the licensee, its shareholders, directors, officers, association members, servants, agents or employees have one or more adjudicated citations under this or any other license issued by [the Board] or were involved in a license whose renewal was objected to by the Bureau of Licensing under this section;

(3) if the licensed premises no longer meets the requirements of this act or of the [Board]'s regulations.
. . .

47 P.S. § 4-470(a.1).

An application for license renewal can be denied based on the Board's discretion and one violation is enough to support that decision regardless of when it occurred. *Paey Associates, Inc. v. Pennsylvania Liquor Control Board*, 78 A.3d 1187, 1200 (Pa. Cmwlth. 2013); *Hyland Enterprises, Inc. v. Pennsylvania Liquor Control Board*, 631 A.2d 789, 792 (Pa. Cmwlth. 1993). The Board may examine the entire citation history to see if there is a pattern of activity to warrant the nonrenewal of the liquor license. *I.B.P.O.E. of West Mount Vernon Lodge 151 v. Pennsylvania Liquor Control Board*, 969 A.2d 642 (Pa. Cmwlth. 2009).

Here, the trial court was presented with six adjudicated citations. Five of them were for failure to meet the minimum qualifications necessary to constitute a

---

[9] 47 P.S. § 4-470 (a.1).

8

restaurant. Licensee was found to have had insufficient seating on no less than four occasions, an insufficient serving area on one occasion, and operating without a valid health permit for almost a year. The trial court noted that affirmative steps taken by Licensee were not in good faith but rather an attempt to save its license, recognizing a clear pattern of behavior disregarding the law. This undisputed evidence of Licensee's prior repeated violations amply supports the trial court's decision. *See Paey*, 78 A.3d at 1200 (even a single violation is sufficient to justify nonrenewal of liquor license).

### III. Conclusion

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in accepting the adjudication of citations by the Board after the conclusion of the *de novo* trial to correct a clerical omission. We further conclude that the trial court's findings of fact were supported by substantial evidence. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of 6104 Adan, Inc.     :
    :
From decision of     :    No. 468 C.D. 2022
Pennsylvania Liquor Control Board     :
    :
Appeal of: 6104 Adan, Inc.     :

## ***ORDER***

AND NOW, this 26th day of July, 2023, the March 31, 2022 order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge